DONALD R. JOHNSON, SR. v. SAMUEL BIALICK
AND OTHERS.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND.

200 N. W. 2d 172.

July 28, 1972—No. 42732.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Richard B. Allyn,* Special Assistant Attorney General, for relator.

*Nathanson, Bard & Levy* and *Stephen A. Bard,* for respondents.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Gunn, JJ.

TODD, JUSTICE.

Relator, the state treasurer, seeks review of a decision of the Workmen's Compensation Commission rejecting his claim that the veil of a corporate employer should be pierced in order to hold a managing officer with apparent control of the corporation responsible for repayment of insurance benefits paid out of the Special Compensation Fund. He further seeks review of the rejection of his claim that respondent Samuel Bialick, and not the corporation, Mille Lacs Wood Products, Inc., was the real employer. We affirm.

Employee, Donald R. Johnson, Sr., sustained injuries on February 26, 1968, while unloading a truck in the course of his employment. He filed a petition for compensation against Samuel Bialick, Mille Lacs Wood Products, Inc., and Brighten Frame. Following the determination that none of these parties carried workmen's compensation insurance, the state treasurer, as custodian of the Special Compensation Fund, was named as a party. The employee was awarded benefits, and the fund has paid out $19,556.76 and will continue to make payments to the employee. The custodian of the fund now seeks recovery from Samuel Bialick individually pursuant to the provisions of Minn. St. 176.183, subd. 1, which grants to the state treasurer as custodian of the fund a cause of action against an employer for reimbursement of all moneys paid out or to be paid out of the Special Compensation Fund, together with punitive damages not to exceed 50 percent to be awarded in the discretion of the court.

Samuel Bialick operated a sole proprietorship known as Brighten Frame Company located in Minneapolis, Minnesota.

The company engaged in the manufacture of wooden frames for upholstered furniture. These frames were then sold to various furniture manufacturers. In 1965, the State Highway Department, by condemnation proceedings, acquired Mr. Bialick's property in Minneapolis. At that time he began seeking a new location for his plant and contacted the Bureau of Indian Affairs of the United States Government to obtain its aid in securing approval of a labor development project which involved the training by his company of Minnesota Indians for employment in its business.

Through the assistance of the Bureau of Indian Affairs, Mr. Bialick was put in contact with the Small Business Administration, which agreed to finance the relocation of his furniture frame factory to Onamia, Minnesota. As part of these negotiations, the Small Business Administration insisted that the company be incorporated, and Mr. Bialick, pursuant to Minnesota statutes, formed the corporation, Mille Lacs Wood Products, Inc. A certificate of incorporation was issued by the State of Minnesota on November 16, 1964. The assets of Mr. Bialick's operation in Minneapolis were all transferred to the corporation; the land upon which the building was constructed was in the name of the corporation; and the loan from the Small Business Administration was granted to the corporation. The Bureau of Indian Affairs then entered into a contract with the corporation regarding its employment of various laborers, and business was commenced during 1965 at the new location. Approximately a year later, Mr. Bialick hired employee, Donald R. Johnson, Sr. Both Mr. Bialick and Mr. Johnson testified that he was hired to work for Mille Lacs Wood Products, Inc.

Mr. Johnson became the operating manager of the company. The evidence discloses that Mr. Bialick was very casual in the operation and conduct of his corporate affairs. However, the corporation did file both state and Federal corporate income tax returns and did conduct business with various suppliers in the corporate name. Shortly after Mr. Johnson's injury, the corpora-

tion ceased doing business, and the mortgage of the Small Business Administration was foreclosed.

Relator strongly contends that the court should pierce the corporate veil and hold Mr. Bialick, the apparent controlling stockholder, personally liable to the fund. He contends that Mr. Bialick dominated all aspects of the corporation, that none of the normal corporate formalities were observed, and that the corporation was inadequately capitalized. Relator cites numerous cases where courts have pierced the corporate veil in order to avoid perpetration of fraud. However, these cases are not applicable to the situation here.

This court has held that the remedies under the Workmen's Compensation Act are governed by our statute, and if there is to be any change in that law, the remedy lies with the legislature and not with the courts. Hartman v. Cold Spring Granite Co. 247 Minn. 515, 519, 77 N. W. 2d 651, 654 (1956). Minn. St. 176.011, subd. 10, defines "employer" as follows:

" 'Employer' means any person who employs another to perform a service for hire; and includes corporation, partnership, association, group of persons, state, county, village, borough, town, city, school district, or government subdivision."

Minn. St. 176.205, subd. 1, elaborates on persons deemed to be "employers" and provides as follows:

"* * * [A] person who creates or executes any fraudulent scheme, artifice, or device to enable him to execute work without being responsible to the worker under this chapter, is deemed an 'employer' and is subject to the liabilities which this chapter imposes on employers."

The evidence in this case is clear and uncontradicted that the purpose for forming the corporation was not to avoid the provisions of the Workmen's Compensation Act. Since this is the sole remedy provided by our act, there is no basis for consideration of the evidence offered by relator going to the issue of piercing the corporate veil.

Relator suggests that dire results will follow if the organizers of thinly capitalized corporations are allowed to escape liability for failure to provide workmen's compensation insurance for the corporation as required by law. However, this is properly a matter for the legislature to consider.

We point out that the legislature has adequate tools to remedy this situation if it is as dangerous as suggested by relator. In 1963, Minn. St. 1961, § 290.92, subd. 1(4), of our income tax statutes was amended to include in the definition of "employer" officers of corporations who have legal control, either individually or jointly with another or others, of the payment of wages. L. 1963, c. 666, § 1. Minn. St. 290.92, subd. 6(7), provides that all employers are personally and individually liable to the State of Minnesota for taxes required to be withheld that are not paid to the state. A similar remedy could easily be written into the Workmen's Compensation Act if the legislature so desires.

Relator further contends that the evidence does not justify a finding that Mille Lacs Wood Products, Inc., was the employer of Johnson. Our scope of review on this question is solely to determine if there is sufficient basis of inference, reasonably to be drawn from the facts, to sustain the holding of the commission. MacNamara v. Boyd Trust, 287 Minn. 163, 166, 177 N. W. 2d 398, 400 (1970). The evidence in this case adequately supports such an inference.

Affirmed.