SIMM v CITY OF DEARBORN

WORKMEN'S COMPENSATION—JUDGMENT—SETOFF—PRESERVING QUES-
TION.

A circuit court must enter judgment on an award of workmen's
compensation after a party presents a certified copy of the
order of compensation and after seven days' notice to the
opposite party unless proof of payment is made; therefore, a
circuit court properly refused to consider a claim of setoff
which a defendant waived by its failure to assert it in the prior
workmen's compensation proceeding (MCLA 418.863).

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 April 4, 1974, at Detroit.
(Docket No. 17488.) Decided June 27, 1974. Leave
to appeal denied, 392 Mich 818.

Complaint by John Simm, Sr., against the City
of Dearborn for entry of judgment pursuant to a
workmen's compensation award. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael
A. Gantz),* for plaintiff.

*Joseph Burtell* and *Carl P. Garlow,* for defend-
ant.

Before: BASHARA, P. J., and BRONSON and CAR-
LAND,* JJ.

PER CURIAM. Plaintiff, an employee of the City
of Dearborn, made a motion for entry of judgment

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 484, 515.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

pursuant to a workmen's compensation award. The city defended, claiming setoff for pension benefits and salary paid to plaintiff. In a written opinion the circuit court granted plaintiff's motion for entry of judgment and denied defendant's defense of setoff. We perceive the dispositive issue to be:

> *Whether the party directed to pay workmen's compensation benefits may* properly *raise the question of setoff for the first time when the beneficiary moves for entry of judgment on the award in the circuit court pursuant to § 863 of the Workmen's Compensation Act.*

Defendant city argues that the provision of its city charter[1] directing that workmen's compensation payments be offset, when read in conjunction with a portion of § 161 of the act,[2] requires the circuit court to consider newly raised claims for setoff. The pertinent excerpt of § 161 reads:

" * * * Nothing contained in this act shall be construed as limiting, changing or repealing any of the provisions of any charter of any municipality or village of this state relating to any benefits, compensation, pensions or retirement, independent of this act, provided for employees." MCLA 418.161(a); MSA 17.237(161)(a).

The defendant's argument misses the mark. The question of whether the city can claim a setoff is not in issue. What is at stake is when and where this claim must be raised.

MCLA 418.863; MSA 17.237(863) provides:

"Sec. 863. Any party may present a certified copy of an order of a hearing referee, the director or the board

---

[1] Dearborn City Charter, § 22.29(a) (1942).

[2] MCLA 418.161(a); MSA 17.237(161)(a).

in any compensation proceeding to the circuit court of the circuit in which the injury occurred, or to the circuit court of the county of Ingham if the injury was sustained outside this state. The court, after 7 days' notice to the opposite party or parties, shall render judgment in accordance therewith *unless proof of payment is made.* The judgment shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect." (Emphasis supplied.)

This provision leaves the trial court with no discretion absent proof of payment. Proof of payment was not offered by the defendant. Only a claim of setoff, which should have been raised in the workmen's compensation proceeding,[3] was made. The circuit court properly refused to consider the claim for setoff which the city waived by its failure to assert it in the prior proceeding. Compare *Willis v Michigan Standard Alloy Casting,* 367 Mich 140; 116 NW2d 222 (1962).

Affirmed. Costs to plaintiff.

---

[3] MCLA 418.841; MSA 17.237(841) reads:

"Sec. 841. Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."