WYRYBKOWSKI v COBRA PRE-HUNG DOORS, INC.

1. WORKMEN'S COMPENSATION—CORPORATIONS—WORKMEN'S COMPEN-
   SATION INSURANCE—LIABILITY OF OFFICERS—LIABILITY OF DIREC-
   TORS—STATUTES.

   Corporations are required to provide insurance so that workmen's
   compensation awards can be paid, and if the officers and
   directors of a corporation fail to arrange for such insurance a
   claimant may proceed against the assets of the corporation,
   and, if such assets are insufficient to pay the award, the officers
   and directors can be held jointly and severally liable for any
   balance remaining unpaid (MCLA 418.611; MSA 17.237[611],
   MCLA 418.647; MSA 17.237[647]).

2. WORKMEN'S COMPENSATION—CORPORATIONS—BANKRUPT CORPORA-
   TIONS—LIABILITY OF OFFICERS—LIABILITY OF DIRECTORS—JUDG-
   MENT—STATUTES.

   A judgment may be entered in circuit court against the officers
   and directors of a bankrupt corporation, where they are liable
   for a workmen's compensation award because of a failure to
   obtain workmen's compensation insurance, for any portion of
   the award left unpaid after the distribution of assets by the
   trustee in bankruptcy and the closing of the bankrupt estate
   (MCLA 418.647; MSA 17.237[647]).

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted October 15, 1975, at Detroit. (Docket No.
22648.) Decided January 8, 1976.

Martin J. Wyrybkowski was awarded workmen's
compensation benefits by the bureau of workmen's
compensation and brought a motion for entry of
judgment in circuit court against Cobra Pre-Hung
Doors, Inc., then in bankruptcy, and Richard E.
Mitchell, Charles Baun, and Garnet L. Mitchell,

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 555 *et seq.*

its officers and directors, for their noncompliance with the workmen's compensation law. Judgment for plaintiff. Defendants appeal. Remanded for further proceedings.

*Mack L. Carpenter,* for plaintiffs.

*Munger & Crum, P. C.,* for defendants.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

V. J. BRENNAN, P. J. Plaintiff, Martin J. Wyrybkowski, (hereinafter plaintiff) was injured at his employment on March 27, 1972. Defendant, Cobra Pre-Hung Doors, Inc., a Michigan corporation, was the employer. An award was entered on May 28, 1974 by the bureau of workmen's compensation for 215 weeks at $95 per week, plus $81 in hospital expenses. The corporation was to receive credit for $5,000 already paid to plaintiff. The workmen's compensation insurance of the employer had lapsed prior to plaintiff's injury.

On May 21, 1973, Cobra Pre-Hung Doors, Inc., filed bankruptcy in the United States District Court, listing plaintiff as a creditor. Pursuant to MCLA 418.863; MSA 17.237(863), plaintiff petitioned the circuit court for entry of the workmen's compensation award as a judgment of the circuit court. On October 18, 1974, the circuit judge ordered that plaintiff's award be entered as a judgment against Cobra Pre-Hung Doors, Inc. and Richard E. Mitchell, Charles Baun and Garnet L. Mitchell, jointly and severally.[1] An order of distribution was entered in the bankruptcy matter

---

[1] The position of Richard E. Mitchell, Charles Baun and Garnet L. Mitchell as officers and/or directors is undoubtedly conceded as this question was not litigated.

on February 3, 1975. The bankrupt estate was closed on May 7, 1975, after a payment of approximately $1,700 to plaintiff by the trustee in bankruptcy. Defendants filed their claim of appeal in this Court on November 6, 1974.

This case presents the narrow question of whether the circuit judge erred in entering as a judgment a workmen's compensation award against the corporation and the officers and directors of a corporation pursuant to MCLA 418.647; MSA 17.237(647), where the corporation had filed a bankruptcy petition and the trustee in bankruptcy had not yet entered an order of distribution. This is a case of first impression in this jurisdiction regarding the procedure which should be required by a workmen's compensation claimant who has been awarded compensation by the workmen's compensation appeal board against an uncollectable corporate defendant, to enable him to hold the officers and directors of the corporation individually and jointly and severally liable due to their noncompliance with MCLA 418.611; MSA 17.237(611), which requires them to insure payment of compensation benefits by one or more prescribed means.

MCLA 418.611; MSA 17.237(611) lists methods by which an employer shall provide for the payment of compensation under the act. One approved means is by insuring against such liability with an insurer authorized to transact the business of workmen's compensation insurance within the State of Michigan. MCLA 418.647; MSA 17.237(647) provides that if the officers and directors of a corporation have not complied with MCLA 418.611; MSA 17.237(611), "[i]f the employer is a corporation, the officers and directors thereof shall be individually and jointly and sever-

ally liable for any portion of any such judgment as is returned unsatisfied after execution against the corporation".

MCLA 418.863; MSA 17.237(863) provides as follows:

"Any party may present a certified copy of an order of a hearing referee, the director or the board in any compensation proceeding to the circuit court of the circuit in which the injury occurred, or to the circuit court in the county of Ingham if the injury was sustained outside this state. The court, after 7 days' notice to the opposite party or parties, shall render judgment in accordance therewith unless proof of payment is made. The judgment shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect."

By these statutes the Michigan Legislature has sought to protect the interests of persons with workmen's compensation awards by providing for prompt enforcement through the judicial machinery of the circuit courts, and by providing that officers and directors of corporations who fail to see to it that the corporations are able to meet these obligations shall be individually and jointly and severally liable for unpaid awards. The statutory design, therefore, is clear. Corporations are required to provide insurance so that workmen's compensation awards can be paid. If the officers and directors of a corporation fail to arrange for such insurance, the claimant may proceed against the assets of the corporation. If the assets of a corporation prove to be inadequate to pay the award, the officers and directors can be held jointly and severally liable for any balance re-

maining unpaid. This case reduces itself, therefore, to the question of what procedures are necessary to implement the statutory design.

MCLA 418.647; MSA 17.237(647) provides that the officers and directors *"shall* be individually and jointly and severally liable for any portion of any such judgment as is returned unsatisfied *after* execution against the corporation". (Emphasis added.) Remedies against the corporate defendant, therefore, must be exhausted before proceeding against the officers and directors. The statute does not expressly provide for those circumstances where the corporation has filed a bankruptcy petition making the execution of a judgment against the corporation a useless gesture. We hold, therefore, that where the officers and directors of a bankrupt corporation are individually and jointly and severally liable for a workmen's compensation award, due to noncompliance with MCLA 418.611; MSA 17.237(611), a judgment may be entered against them in circuit court pursuant to MCLA 418.647; MSA 17.237(647) for any portion of the award remaining unpaid after the distribution of assets by the trustee in bankruptcy and the closing of the bankrupt estate. We recognize that this requires duplication of effort in this case, but the court's previous judgment must be set aside and remanded for an entry of a new judgment against the officers and directors. This is required, as is obvious, because the previous judgment was not valid at the time of entry. Plaintiff may, therefore, petition the circuit court for entry of a judgment against the officers and directors for the unpaid portion of his award.

Remanded. We retain no further jurisdiction. Costs to be paid by defendants.