GUERRERO v BRIGHTON ATHLETIC ASSOCIATION

1. WORKMEN'S COMPENSATION—AWARD—INTEREST—STATUTES.

A workmen's compensation award is grounded in contract, and is not a money judgment, therefore, the interest rate on an award is 5%, the statutory contract rate, and not 6%, the money judgment rate (MCLA 438.31; MSA 19.15[1]).

2. WORKMEN'S COMPENSATION—ENFORCEMENT OF AWARDS—APPEAL AND ERROR—EVIDENCE—ADMISSIONS.

A trial judge's refusal, in an action to enforce a workmen's compensation award, to permit any testimony by the individual defendants directed to the question of who were the officers and directors of the defendant association at the time the plaintiff was injured was error where (1) the trial judge relied upon a 1973 annual corporation report to establish the identities of the individual officers and directors to be liable, (2) that report was filed after the injury occurred, (3) the 1972 report, which was the last one filed prior to the injury, lists two directors not shown on the 1973 report, and (4) the trial judge concluded that the defendants' answer, in which they admitted the *existence* and *content* of the records, precluded them from asserting that the officers or any of them, were not in fact the proper defendants.

Appeal from Shiawassee, Peter J. Marutiak, J. Submitted October 12, 1977, at Lansing. (Docket Nos. 31374, 31375.) Decided January 24, 1978.

Complaint by Juan F. Guerrero against the Brighton Athletic Association, also known as Brighton Athletic Club, Inc., and A. David Marsh, Dale Leming, Fred Dymond, George Kirchner,

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Interest and Usury §§ 63, 64, 68, 74.
  81 Am Jur 2d, Workmen's Compensation § 4.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 553, 565–568, 631.

Skip Davis, Ernie Buck and Tom Jarvis, to enforce an award of workmen's compensation. Judgment for plaintiff. Defendants appeal. Affirmed in part, reversed in part and remanded.

*Russell O. Vail,* for plaintiff.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.* by *(David K. Barnes),* for defendants.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

PER CURIAM. This is an appeal from a circuit court proceeding to enforce a workmen's compensation award entered on May 30, 1975. Defendant association failed to appear and defend against the workmen's compensation claim and also failed to appeal timely from the award entered thereon. A motion for delayed appeal to the Workmen's Compensation Appeal Board was denied on February 20, 1976, and on June 8, 1977, this Court denied leave to appeal from that denial.

Plaintiff commenced the present action to enforce the award[1] in circuit court pursuant to § 863 of the Worker's Disability Compensation Act, MCLA 418.863; MSA 17.237(863), and, on December 14, 1976, the trial court entered judgment for plaintiff as follows:

"It is further ORDERED, that upon entry of this ORDER FOR JUDGMENT, Plaintiff may immediately proceed and liquidate the Defendant, Brighton Athletic

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff was awarded $94 per week for 215 weeks, for loss of industrial use of his leg, plus reimbursement of plaintiff's hospital and medical expenses in the amount of $1,201.88.

Club, Inc., and account to the Court for proceeds received, and if any portion is returned unsatisfied and then immediately proceed against all other Defendants, jointly and severally, until said ORDER FOR JUDGMENT is satisfied."

On appeal defendants raise several claims of error, only two of which we need address. First, we are of the opinion that the circuit judge erred in enforcing the referee's award of interest at the rate of 6% per annum. The rate of interest is unrelated to the underlying merits of the compensation award, and therefore the rule of *Simm v Dearborn,* 54 Mich App 263, 265; 220 NW2d 768 (1974), does not fetter the trial court's discretion to amend the referee's award by incorporating the proper statutory rate of interest in the judgment entered thereon. It is clear from a careful reading of *Solakis v Roberts,* 395 Mich 13, 18–22; 233 NW2d 1 (1975), that no question of retroactivity is here involved; the Court in Solakis merely "restated" the rule first announced in *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960), that a workmen's compensation claimant has a *contractual* right to interest on his award at the rate of 5% pursuant to MCLA 438.31; MSA 19.15(1).

In framing the judgment entered below, the trial judge relied upon a 1973 annual corporation report to establish the identities of the individual officers and directors to be liable. That report was filed after the injury occurred. The 1972 report, which was the last one filed prior to the injury, lists two directors not shown on the 1973 report. The trial judge concluded that defendants' answer, in which they admitted the *existence* and *content* of the records, precluded them from asserting that the officers and directors shown on the 1973 re-

port, or any of them, were not in fact the proper defendants. He therefore refused to permit any testimony directed to the question of who were officers and directors of the association when the injury occurred. In this the trial judge erred, and a remand is required to determine this question. At most, defendants can be said to have admitted that the 1973 report containing the names listed thereon existed at a date subsequent to the time of plaintiff's injury, according to the date shown on the report itself. Defendants did not thereby necessarily admit that they were officers or directors of the defendant association at the time plaintiff suffered injury, as alleged by plaintiff. The trial judge should have granted defendants' request for a hearing to determine who were the officers and directors of defendant association at the time of plaintiff's injury, and on remand he shall do so if the judgment properly entered against the association is returned unsatisfied and enforcement of the award as against the individual officers and directors is sought by plaintiff pursuant to MCLA 418.647; MSA 17.237(647).

Our disposition makes it unnecessary to decide whether the judgment entered, which permitted plaintiff to proceed against the individual defendants only after any portion of the judgment against the association was returned unsatisfied, complied with the requirements of *Wyrybkowski v Cobra Pre-Hung Doors, Inc,* 66 Mich App 555; 239 NW2d 660 (1976). A separate enforcement proceeding against the individual defendants will now be necessary in any event.

Nor is it necessary for us to consider for the first time on appeal[2] defendants' collateral attack, on

---

[2] The circuit court did not rule on defendants' due process arguments because it concluded that it was precluded from doing so under MCLA 418.863; MSA 17.237(863), which provides simply that the

due process grounds, on the compensation award that plaintiff sought to enforce in circuit court. If the individual defendants again attempt to raise their due process claim on remand, however, the circuit court should determine whether such a claim may be raised for the first time in an enforcement proceeding.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. No costs, neither party having prevailed in full.

---

circuit court "shall render judgment in accordance * * * [with the award] unless proof of payment is made". *See Simm v Dearborn*, 54 Mich App 263; 220 NW2d 768 (1974).

Although we express no opinion on the question, it appears that the gist of defendants' claim was that the want of due process alleged deprived the referee of personal jurisdiction to render an award enforceable as against the individual defendants, and that therefore the award was void and unenforceable as to them. If that were true, the individual defendants would not be foreclosed from raising such a claim to bar enforcement of the award as against them. *See generally*, 49 CJS, Judgments, § 421, pp 822, 828, § 422, p 828.