LeBLOND v ALL RIGHT AUTO PARTS, INC.

1. WORKMEN'S COMPENSATION—BANKRUPTCY—OFFICERS' AND DIREC-
   TORS' LIABILITY—STATUTES.

   Generally a workmen's compensation claim may be discharged in
   bankruptcy, though in Michigan the officers and directors of a
   bankrupt corporation may be found liable for that portion of a
   claim which remains unsatisfied after execution against the
   corporation (11 USCA 22[b], 103[a], MCLA 418.647; MSA
   17.237[647]).

2. WORKMEN'S COMPENSATION—ENFORCEMENT OF AWARDS—STATUTES.

   The Worker's Disability Compensation Act provides for prompt
   enforcement of awards through the expeditious entry of judg-
   ments in the circuit courts (MCLA 418.863; MSA 17.237[863]).

3. WORKMEN'S COMPENSATION—BANKRUPT CORPORATION—OFFICERS'
   AND DIRECTORS' LIABILITY—MODIFICATION OF AWARD.

   A plaintiff injured worker who has received a workmen's compen-
   sation award against a bankrupt corporation may properly seek
   entry of a judgment in circuit court on his award against the
   officers and directors of the corporation prior to any execution
   of the award against the bankrupt corporation; however, the
   award should be modified by the circuit court to provide for the
   possibility of recovery from the bankrupt corporation.

4. WORKMEN'S COMPENSATION—BANKRUPT CORPORATION—JUDGMENT
   —MODIFICATION OF AWARD—WAIVER.

   A plaintiff injured worker who has received a workmen's compen-
   sation award against a bankrupt corporation may receive a
   judgment on the award against the officers and directors of the
   corporation; the award should be reduced by the amount of the
   officers' and directors' provable share of the distributable assets
   possessed by the corporation; where such a plaintiff fails to

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy §§ 414, 779.
   82 Am Jur 2d, Workmen's Compensation § 652.
[2] 82 Am Jur 2d, Workmen's Compensation § 572 et seq.
[3, 4] 9 Am Jur 2d, Bankruptcy §§ 414, 415, 552, 779.

assert his claim in the bankruptcy proceeding he waives his right to the funds of the bankrupt corporation.

Appeal from Oakland, William J. Beer, J. Submitted January 4, 1978, at Lansing. (Docket No. 77-2703.) Decided February 23, 1978.

Complaint by Larry J. LeBlond against All Right Auto Parts, Inc., Charles Schick, Douglas [sabelle and James Isabelle for enforcement of an award of workmen's compensation benefits. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Frank R. Langton & Associates, P. C.* (by *David W. Martin),* for plaintiff.

*Charles E. Maloney, P. C.,* for defendants.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

V. J. BRENNAN, P. J. On May 20, 1977, Oakland County Circuit Judge William J. Beer dismissed plaintiff's complaint against the defendants for enforcement of an award obtained by plaintiff against defendants from the Workmen's Compensation Appeal Board. On June 8, 1977, Judge Beer dismissed plaintiff's motion for rehearing. Plaintiff now appeals as of right. GCR 1963, 806.1.

Plaintiff suffered a broken leg while in the employ of defendant All Right Auto Parts [hereafter All Right]. He filed for workmen's compensation and because he was an illegally employed minor was awarded double compensation, $96 per week, on June 7, 1974. The referee closed plaintiff's award as of the final date of the hearing. On

* Circuit judge, sitting on the Court of Appeals by Assignment.

December 16, 1974, the Workmen's Compensation Appeal Board modified the award in plaintiff's favor, ordering benefits to run through the date of the hearing and until further order.

Defendant All Right did not carry workmen's compensation insurance. On October 4, 1974, defendant All Right filed for bankruptcy in the United States District Court for the Eastern District of Michigan. All Right was discharged from bankruptcy on February 13, 1975. Plaintiff filed no claim in the bankruptcy proceedings. Defendant had total assets of $3,383.99 on July 14, 1975, available for distribution to creditors.

On appeal, plaintiff argues the trial court erred by failing to enforce a worker's compensation award against the individual officers and directors of defendant corporation which failed to carry workmen's compensation insurance when the corporation filed for bankruptcy and the plaintiff failed to prove a claim in the bankruptcy proceedings.

At stake here is an interpretation of MCLA 418.647; MSA 17.237(647), which states that:

"If compensation is awarded under the provisions of this act against any employer who at the time of the injury has not complied with the provisions of section 611, [requiring employers to provide workmen's compensation coverage] the employer shall not be entitled as to any judgment entered upon the award, to any of the exemptions of property from seizure and sale on execution allowed by statute. If the employer is a corporation, the officers and directors thereof shall be individually and jointly and severally liable for any portion of any such judgment as is returned unsatisfied after execution against the corporation."

In essence, plaintiff argues that the statute should not bar recovery when the injured worker's

claim exceeds the assets available for distribution from a corporation in bankruptcy, even though the worker fails to make a claim against the corporation in the bankruptcy proceeding. This claim bears consideration.

Workmen's compensation claims may be discharged in bankruptcy except where state law provides otherwise. See 11 USCA 22(b), 11 USCA 103(a), (c). In Michigan, we permit the assertion of such a claim against officers and directors of the corporation for the portion of the claim unsatisfied after execution against the corporation. MCLA 418.647; MSA 17.237(647).

Defendants admit that this provision applies to them. Further, although defendants disagree with the size and duration of plaintiff's workmen's compensation award, no dispute exists that the award exceeds the $3,383.99 defendant All Right had available for distribution, even if all of defendant's arguments about the award are accepted.

We recently discussed the procedure a plaintiff should follow under MCLA 418.647; MSA 17.237(647) when execution against a corporate defendant would be useless. We found that "where the officers and directors of a bankrupt corporation are individually and jointly and severally liable for a workmen's compensation award, due to noncompliance with MCLA 418.611; MSA 17.236(611), a judgment may be entered against them in circuit court pursuant to MCLA 418.647; MSA 17.237(647) for any portion of the award remaining unpaid after the distribution of assets by the trustee in bankruptcy and the closing of the bankrupt estate". *Wyrybkowski v Cobra Pre-Hung Doors, Inc.* 66 Mich App 555, 559; 239 NW2d 660 (1976).

In *Wyrybkowski,* defendant bankrupt corporation had failed to carry workmen's compensation

insurance. Plaintiff successfully petitioned the circuit court for entry of his workmen's compensation award against the corporation and its officers and directors. He also made a claim in the bankruptcy proceeding and later received a distribution from the trustee in bankruptcy.

On appeal, we held that entry of the judgment prior to the distribution from the estate of the bankrupt was improper, but only because the judgment ignored the possibility that plaintiff might receive funds in the bankruptcy proceeding.

The Court noted that one of the policies of the workmen's compensation act is to provide prompt enforcement of awards through the expeditious entry of judgments in the circuit courts. *Wyrybkowski v Cobra Pre-Hung, supra* at 558. See MCLA 418.863; MSA 17.237(863).

Our decision in *Wyrybkowski* does not require the circuit court to delay entry of a judgment against officers and directors of a bankrupt corporation until the closing of the bankruptcy proceedings. Thus, plaintiff may properly seek entry of a judgment on his workmen's compensation award against officers and directors prior to any execution of the award against a bankrupt corporate defendant.

This holding comports with the policy behind the workmen's compensation act of liberal construction in order to protect injured workers. *Rodwell v Pro Football, Inc.* 45 Mich App 408, 412; 206 NW2d 773 (1973), *lv den,* 390 Mich 775 (1973), *Glick v H A Montgomery Co,* 22 Mich App 678, 687; 177 NW2d 724 (1970), *lv den,* 383 Mich 788 (1970).

In the case at hand, plaintiff failed to prove his claim in the bankruptcy proceedings, unlike the plaintiff in *Wyrybkowski.* However, according to

*Wyrybkowski,* the statute does not require prior execution of a workmen's compensation award against a bankrupt corporate defendant before the plaintiff can have his workmen's compensation award entered against officers and directors, provided that the award is modified to provide for the possibility of recovery from the bankrupt corporate defendant. *Wyrybkowski v Cobra Pre-Hung, supra* at 559. Thus, the trial court erred in failing to enter plaintiff's award, with appropriate modifications, against defendants.

To hold that plaintiff's failure to appear in the bankruptcy proceeding bars his claim against the officers and directors for the excess of his award over the distributable assets of the bankrupt corporate defendant not only would be contrary to our holding in *Wyrybkowski* but would defeat the purpose of MCLA 418.647; MSA 17.237(467). Clearly, the statute intends to afford redress to workmen's compensation plaintiffs against the officers and directors of a corporation which fails to carry workmen's compensation coverage. Holding against plaintiff in this case would defeat the protective policy of the workmen's compensation act.

Plaintiff's judgment against the officers and directors should be reduced by the amount of their provable share of the distributable assets possessed by defendant bankrupt corporation. By failing to assert his claim in the bankruptcy proceeding, plaintiff waived his right to the funds of the bankrupt corporation. Consequently, as so modified, we reverse and remand for entry of judgment in plaintiff's favor.

Reversed, as modified.