BUSH v CITY OF DETROIT

Docket No. 66967. Submitted June 27, 1983, at Detroit.—Decided
    October 11, 1983.

Plaintiff, Mary Bush, as the widow and administratrix of the
    estate of Earl W. Bush, deceased, sought workers' compensation
    benefits from defendants, City of Detroit, the Common Pleas
    Court of the City of Detroit, State of Michigan-Michigan Judi-
    ciary, the Michigan State Accident Fund and Wayne County. A
    hearing referee determined that the decedent did not suffer a
    compensable injury and denied the benefits sought. Plaintiff
    appealed to the Workers' Compensation Appeal Board (WCAB)
    which reversed, finding that the decedent did suffer a compen-
    sable injury, and ordered that the defunct common pleas court
    pay compensation to the plaintiff. The WCAB decision con-·
    tained no explanation concerning which of the remaining de-
    fendants was to assume liability for the payment of the benefits
    in light of the common pleas court's demise. Plaintiff thereafter
    filed a petition for a judgment in the Wayne Circuit Court
    seeking entry of a judgment against all of the defendants on
    the award of compensation benefits. The circuit court, John H.
    Hausner, J., concluded that only the WCAB could determine
    which of the remaining defendants was responsible for paying
    the benefits and subsequently entered a judgment against only
    the common pleas court. Plaintiff appeals contending that the
    circuit court should have determined which of the remaining
    defendants should pay the benefits. *Held:*

    1. The circuit court was without authority to deviate from
    the WCAB order by entering a judgment against the remaining
    defendants.

    2. The issue of which of the remaining defendants must pay
    the compensation award issued against the defunct common
    pleas court is a controversy concerning compensation and a
    question arising under the Worker's Disability Compensation
    Act which must first be determined by the Workers' Compensa-
    tion Bureau.

    3. The proper course of action for plaintiff was to return to
    the Workers' Compensation Bureau for a determination of

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 630.

which of the remaining defendants is responsible for paying the benefits awarded.

Affirmed.

1. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — ENFORCEMENT OF AWARD.

The Worker's Disability Compensation Act provides that a party may present an order of the Workers' Compensation Appeal Board to a circuit court and that the court, upon notice, shall render a judgment in accordance therewith unless proof of payment is made; the circuit court, with some exceptions, may not modify or deviate from the board's order (MCL 418.863; MSA 17.237[863]).

2. WORKERS' COMPENSATION — WORKERS' COMPENSATION BUREAU — JURISDICTION.

The resolution of all disputes relating to workers' compensation is vested exclusively in the Workers' Compensation Bureau; the fact that the dispute involves legal issues does not alter such rule (MCL 418.841; MSA 17.237[841]).

*Conklin, Loesch & Caravas* (by *Michael C. Olson* and *E. R. Whinham,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for State of Michigan, Michigan Judiciary.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *James A. Sullivan),* for State of Michigan, Michigan Judiciary and Michigan State Accident Fund.

*Edward L. Douglas,* Acting Corporation Counsel, and *Douglas B. Dimitry,* Assistant Corporation Counsel, for Wayne County.

Before: CYNAR, P.J., and HOOD and R. J. JASON,* JJ.

PER CURIAM. Plaintiff, Mary Bush, as the widow

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and administratrix of the estate of Earl W. Bush, deceased, appeals as of right from the circuit court's entry of a judgment ordering only the defunct common pleas court, and not any of the other defendants, to pay workers' compensation benefits awarded to plaintiff.

Earl W. Bush was a bailiff for the common pleas court; his last day of work was December 7, 1973, and he died on April 4, 1979. On May 26, 1982, the Workers' Compensation Appeal Board (WCAB) issued a decision finding that plaintiff's decedent had suffered a compensable injury, and ordering the common pleas court to pay compensation to plaintiff. However, under MCL 600.9941(1); MSA 27A.9941(1), the common pleas court was abolished, its functions taken over by the newly created 36th District Court on September 1, 1981. The WCAB decision contained no explanation concerning which of the remaining defendants was to assume payment of the benefits in light of the common pleas court's demise.

On August 4, 1982, plaintiff filed a petition for a judgment in circuit court seeking entry of a judgment against all the defendants on the award of compensation benefits. The lower court concluded that only the WCAB could determine which of the defendants was responsible for paying plaintiff's benefits, and subsequently entered a judgment only against the common pleas court.

Although plaintiff contends on appeal that the circuit court should have determined which defendant should pay, we find that it was without authority to do so.

Under § 863 of the Worker's Disability Compensation Act (act), a party may present an order of the appeal board to a circuit court, and the court upon notice, "shall render judgment in accordance

therewith unless proof of payment is made". MCL 418.863; MSA 17.237(863). This Court in *Simm v Dearborn,* 54 Mich App 263, 265; 220 NW2d 768 (1974), *lv den* 392 Mich 818 (1974), in holding that the defendant employer could not make a claim of setoff for the first time before the circuit court in which the plaintiff employee had petitioned for entry of a judgment, stated that § 863 "leaves the trial court with no discretion absent proof of payment". Indeed, the language of § 863 states that a circuit court is to enter a judgment "in accordance" with the appeal board's order, thus indicating that a circuit court is not empowered to modify that order. However, it must be noted that some exceptions have been recognized. In *Guerrero v Brighton Athletic Ass'n,* 81 Mich App 58, 60; 264 NW2d 119 (1978), this Court held that a circuit court does have discretion in entering a judgment to correct an erroneous rate of interest awarded by the referee. Also, in *Guerrero, supra,* pp 60-61, and in *LeBlond v All Right Auto Parts, Inc,* 81 Mich App 509; 265 NW2d 394 (1978), this Court recognized that under § 647 of the act a court may, in entering a judgment, modify an award from the bureau against a corporation so as to make the officers and directors liable for payment of the benefits awarded.

Although plaintiff relies on *Guerrero* and *LeBlond,* those cases are distinguishable. First, while a court may, in entering a judgment, depart from the terms of the bureau's award so as to correct the interest rate, such a modification goes to a purely technical matter and not to any matters of substance involved in the case. Second, although a court under § 647 of the act may, in entering a judgment on an award against a corporation, add the corporate officers and directors as defendants

liable to pay the award, a court may do so under § 647 only in the special circumstance where the corporation against which the bureau's award was rendered was not insured as required by § 611 of the act. MCL 418.647; MSA 17.237(647); *Wyrybkowski v Cobra Pre-Hung-Doors, Inc,* 66 Mich App 555; 239 NW2d 660 (1976). Clearly the situation involved in the present case is not one to which § 647 applies.

Not only was the circuit court without authority under § 863 of the act to deviate from the appeal board's order by entering a judgment against the remaining defendants herein, but § 841 of the act also supports the court's refusal to enter such a judgment. Section 841 provides that "[a]ny controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau". MCL 418.841; MSA 17.237(841). This Court has explained that under § 841, "'resolution of all disputes relating to workmen's compensation is vested exclusively in the Workmen's Compensation Bureau'". *Maglaughlin v Liberty Mutual Ins Co,* 82 Mich App 708, 711; 267 NW2d 160 (1978), *lv den* 403 Mich 851 (1978), quoting *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975). In *Maglaughlin, supra,* this Court held that whether an employer is required to pay benefits pending appeal under § 862 of the act, and what relief is availabe to an employee for failure to do so, were questions for the bureau and not the circuit court. Similarly, in the present case, the issue of which of the defendants must pay the compensation award issued against the defunct common pleas court is a "controversy concerning compensation" and a question arising under the act which must first be determined by the bureau under § 841.

The fact that this inquiry involves legal issues does not remove it from the the ambit of § 841.

The proper course of action for plaintiff was to return to the bureau for a determination of which of the defendants is responsible for paying the benefits awarded. According to defendant State of Michigan-Michigan Judiciary's brief on appeal, plaintiff did so subsequent to the circuit court's refusal to enter a judgment against the defendants. Once such a determination is made by the bureau, the circuit court will have authority to enter judgment against that defendant, if necessary, per § 863.

Affirmed.