**James D. TASKER, Plaintiff and Appellant,**

v.

**Fred T. LOPEZ, Defendant and Respondent.**

No. 18616.

Supreme Court of Utah.

Nov. 17, 1983.

James R. Hasenyager, Ogden, for plaintiff and appellant.

Lyle J. Barnes, Kaysville, for defendant and respondent.

DURHAM, Justice:

This is an appeal from an order dismissing plaintiff's complaint against defendant, who was president of Omco Corporation. Omco Corporation was plaintiff's employer at the time he suffered an injury which the Industrial Commission determined was compensable as a partial permanent disability. Omco did not have insurance and became insolvent prior to the time this lawsuit was filed. Plaintiff therefore sought recovery against the defendant personally. We affirm the dismissal.

An examination of plaintiff's complaint and arguments on appeal reveals that he

---

**32.** *Id.* 103 S.Ct. at 2610; *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

**33.** *Lafayette, supra* n. 31, 103 S.Ct. at 2611.

alleges no legal theory upon which recovery may be had. Although he relies on *Samuel v. Baitcher,* 247 Ga. 71, 274 S.E.2d 327 (1981), he has neither pled nor argued negligence by the corporation's agent, which was the basis for recovery in that case. The *sole* basis for his claim for relief is the argument that "good social policy" requires recovery. Such an argument must be directed to the Legislature, and in the absence of any other legal theory, such as negligence or alter ego liability, we must affirm the judgment of the trial court. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.