VIRGINIA GRIEFF, Plaintiff-Appellant, v. OLSEN'S AUTOMOTIVE SUP-
PLY, Defendant-Appellee.

Third District    No. 3—87—0500

Opinion filed April 8, 1988.—Rehearing denied June 9, 1988.

Schenk, Duffy, Quinn, McNamara, Phelan, Carey & Ford, of Joliet (Joseph R. Mazzone, of counsel), for appellant.

Black & Black, of Morris (Fran J. Black, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

On May, 24, 1983, Virginia Grief was injured while employed by Olsen's Automotive Supply. She filed a worker's compensation claim against Olsen's Automotive Supply, not against Nell Pond, Donald Olsen, or Larry Olsen, the owners and operators of Olsen's Automotive Supply. On October 18, 1984, the parties submitted this claim to arbitration. Donald or Larry Olsen never were made parties to this case, nor were they notified of the proceedings. Nell Pond was never made a formal party to the action; however, she was aware of and participated in the case. On October 26, 1984, Virginia was awarded $18,097.90 against Olsen's Automotive Supply. The Industrial Commission affirmed the award on October 25, 1985.

Upon defendant's failure to satisfy the judgment, plaintiff filed a petition for entry of the judgment in the circuit court on May 22, 1986. Plaintiff's petition sought enforcement of the judgment against Olsen's Automotive Supply, Nell Pond, Donald Olsen, and Larry Olsen. On April 29, 1987, plaintiff filed a motion to correct misnomer in the caption of the case. Virginia requested the caption to read Olsen's Automotive Supply, and Nell Pond, Donald Olsen, and Larry Olsen. The trial court denied the motion on July 14, 1987.

■ Plaintiff claims the trial court erred in denying this motion. If the trial court is petitioned to enter a judgment based on an Industrial Commission worker's compensation award, the court must so do in accordance with the award or decision. Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(g).

The trial court cannot increase or decrease the Industrial Commission's decision but must take a narrow view to determine whether the statutory and jurisdiction requirements have been met. (*Ahlers v.*

*Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207.) By extending the Industrial Commission's decision to Nell Pond, Donald Olsen and Larry Olsen, the trial court would have increased the Commission's decision, which would have been reversible error.

■■ Since jurisdiction is never presumed and these three individuals' names did not appear as parties on the record, the trial court was correct in dismissing the petition for judgment. "The rendering of a judgment on an award under [section 19(g) (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(g))] is not a perfunctory duty or an empty formality but is a judicial act, and as such must necessarily be predicated upon jurisdiction of the subject matter and parties." (*Fico v. Industrial Comm'n* (1933), 353 Ill. 74, 79, 186 N.E. 605, 607.) The circuit court did not have jurisdiction to render a judgment against Nell Pond, Donald Olsen, or Larry Olsen, since there was not a legally effective award or decision against them which could serve as subject matter jurisdiction. The only award was against Olsen's Automotive Supply, a nonentity. The trial court was also correct in refusing to enter a judgment against someone who does not exist under the law.

■■ Plaintiff could have attempted to add the three names as parties prior to filing her petition for entry in the trial court. Plaintiff, as an employee of defendant, certainly must have been aware of the ownership structure of the company. Defendant is correct in its assertion that section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b)) does not apply to this case. This case is not a circuit court case; rather, it is a review of an Industrial Commission case, for which the rules are very explicit.

In the cases relied upon by plaintiff, the named defendant was a legal entity with a slightly different name than the correct defendant. In *Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 887, 391 N.E.2d 197, relied on by defendant, the court concluded:

> "The ultimate test of whether the error is a misnomer or a material change in parties is most equitably the understanding and intent of the parties. If the error is such as to mislead the parties into thinking that another entity was meant to be served, then the mistake is material and should not be amended following final judgment."

This set of facts certainly exemplifies a material change in parties since Donald and Larry Olsen apparently did not know of the pending suit. Nell Pond should have made them aware of the lawsuit; however, it is immaterial for purposes of this decision.

■ Olsen's Automotive Supply is not a legal entity. Section 2—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par.

2—401) (the misnomer rule) does not apply to that category of cases in which the defendant does not have legal status. (*Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 299 N.E.2d 436.) The party for whom relief is sought must be one possessed of a legal entity as a natural, artificial, or quasi-artificial person. *In re Village of Harvester* (1962), 37 Ill. App. 2d 255, 185 N.E.2d 369.

Therefore, the trial court is without jurisdiction to add the names of Nell Pond, Donald Olsen, and Larry Olsen to this case. Alternatively, the Illinois misnomer rule applies only in situations where the named defendant was a legal entity with a slightly different name. In this case, the defendant was not a legal entity and the difference between the named defendant and those defendants plaintiff sought to add was material.

Plaintiff seeks to have the common law record amended, which this court denies. According to Supreme Court Rule 329, the record on appeal may be amended "[i]f the record [presented] is insufficient to present fully and fairly the questions involved." (107 Ill. 2d R. 329.) Plaintiff seeks to add the petition for bankruptcy of Nell Pond. It is this court's opinion this is not necessary to fully and fairly decide the questions presented on appeal.

Trial court affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.