RICHARD WEBB, Plaintiff-Appellant, v. WAYNE WEBB, Defendant-Appellee.

Fourth District   No. 4—88—0654

Opinion filed March 17, 1989.

Brinkoetter & Barnes, P.C., of Decatur, for appellant.

Britt A. Brown, of Brown, Hawkins, Basola & Mattingley, of Decatur, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 29, 1988, plaintiff Richard Webb filed a complaint in the circuit court of Macon County against defendant Wayne Webb seeking a money judgment. The basis of the suit was an unsatisfied workers' compensation award which plaintiff had obtained against Macon County Speedway, Inc. (Speedway), a corporation alleged to have become insolvent. The complaint alleged defendant was the "principal shareholder" and "principal operating officer" of Speedway

and, as such, liable for Speedway's failure to obtain workers' compensation insurance or to qualify as a self-insurer. (Ill. Rev. Stat. 1985, ch. 48, par. 138.4.) Plaintiff does not purport to sue under section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g)), which permits a claimant to obtain a judgment on a workers' compensation award. In such proceedings, Illinois courts have not permitted judgments to be obtained against parties not named in the original petition for compensation. See, *e.g.*, *Grieff v. Olsen's Automotive Supply* (1988), 167 Ill. App. 3d 589, 521 N.E.2d 659, *appeal denied* (1988), 122 Ill. 2d 574.

On August 2, 1988, following hearing, the circuit court granted defendant's motion to dismiss the complaint for failure to state a cause of action. Plaintiff has appealed. He recognizes there is no direct precedent in Illinois holding an individual officer of a corporation or a principal shareholder thereof liable for a workers' compensation award obtained against that corporation but upon which the corporation defaults. He asks, however, since defendant was alleged to be the "principal shareholder" and "principal operating officer" and failed to bring Speedway within the requirements of the Act, this court create a cause of action "more consistent with the ends of justice" than existing law. For reasons we later state, we abstain from creating such a cause of action and affirm the judgment of the circuit court.

Plaintiff's complaint also alleged: (1) he had been awarded sanctions and attorney fees against Speedway for its failure to pay his award; and (2) he had obtained a judgment against Speedway on the award. As damages plaintiff sought judgment for (1) $1,879, the amount of the award; (2) $4,394.50, the amount of the sanction placed on Speedway for failure to pay the award; (3) $1,757.80, the amount of attorney fees "awardable" for representation of plaintiff in the proceedings to obtain the award; (4) $878.90, the amount awarded for attorney services in obtaining the sanction against Speedway; (5) an amount for attorney fees in the instant proceedings; and (6) interest at the statutory rate on the above amounts.

Plaintiff cites *Amfac Foods, Inc. v. International Systems & Controls Corp.* (1982), 294 Or. 94, 654 P.2d 1092, where the court held, in a breach of contract case, that when a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation, the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder, but also that the plaintiff's inability to collect from the corporation resulted from some sort of improper conduct on the part of the shareholder.

■■ ■ Illinois precedent limits personal immunity from liability for corporate debts where a corporation is found to be merely the alter ego or business conduit of a dominant personality. In *McCracken v. Olson Companies, Inc.* (1986), 149 Ill. App. 3d 104, 500 N.E.2d 487, the court held the corporate entity could be disregarded and the veil of limited liability pierced where there is (1) such unity of interest in ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances such that an adherence to the fiction of a separate corporate existence would promote injustice or inequitable consequences.

■■ In *Gallagher v. Reconco Builders, Inc.* (1980), 91 Ill. App. 3d 999, 415 N.E.2d 560, the court held personal liability should be imposed upon an individual operating a corporate contracting firm which failed to complete a construction job as agreed. The court stated that a corporate entity will be disregarded where it would otherwise present an obstacle to the protection of private rights and where the corporation is merely the alter ego of a dominating personality. The court went on to say that the decision to disregard the corporate entity involves the consideration of many factors, such as (1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation at the time; (6) nonfunctioning of other officers or directors; (7) absence of corporate records; and (8) whether in fact the corporation is only a mere facade for the operation of the dominant stockholders.

■■ The complaint here falls far short of any allegation that the corporate respondent to the workers' compensation case was an alter ego of defendant.

Moreover, although courts in other States have found personal liability to exist for officers and directors of corporations which have failed to insure their compensation liability and then defaulted on their obligations because of bankruptcy, those cases were brought either as a tort claim for the individual's failure to provide compensation or where a statute provided for individual liability on the part of the corporation's officers and directors. (See *Samuel v. Baitcher* (1981), 247 Ga. 71, 274 S.E.2d 327; *Wyrybkowski v. Cobra Pre-Hung Doors, Inc.* (1976), 66 Mich. App. 555, 239 N.W.2d 660, respectively.) The doctrine of piercing the corporate veil was not involved.

In *Samuel,* the court noted that the purpose of the Georgia Workers' Compensation Act has been described as a "humanitarian measure" providing relief to the injured employee and protecting employers from excessive damage awards. (*Samuel,* 247 Ga. at 73, 274

S.E.2d at 329.) The court noted the Act should be liberally interpreted by the court to carry out this purpose. They further noted that the immunity enjoyed by an employer's agents under the Workers' Compensation Act does not relieve the agents from carrying out the responsibilities of procuring insurance as required by statute. The court concluded it was not reasonable or just to hold that an employer's agents may fail or refuse to perform duties imposed upon them by statute and at the same time rely upon the statute to escape the consequences of their failure to act properly. *Samuel*, 247 Ga. at 73-74, 274 S.E.2d at 329.

In *Wyrybkowski*, the court noted the Michigan legislature provided that the officers and directors " '*shall* be individually and jointly and severally liable for any portion of any such judgment as is returned unsatisfied *after* execution against the corporation.' " (Emphasis in original.) *Wyrybkowski*, 66 Mich. App. at 559, 239 N.W.2d at 662, quoting Mich. Comp. Laws Ann. §418.647 (West), and Mich. Stat. Ann. §17.237(647) (Callaghan).

We agree, however, with the courts of those jurisdictions which have held, in the absence of legislation such as that in Michigan, that any alteration in the legislative scheme of the Workers' Compensation Act should come from the legislature and not piecemeal by the courts. See *Tasker v. Lopez* (Utah 1983), 674 P.2d 127; *Johnson v. Bialick* (1972), 294 Minn. 231, 200 N.W.2d 172; see generally 2A A. Larson, Workmen's Compensation Law §67.29, at 12—125, 12—126 (1988).

Accordingly, for the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.