No. 4--01--0852WC

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

INDUSTRIAL COMMISSION DIVISION _________________________________________________________________

JMH PROPERTIES, INC., D/B/A     ) Appeal from the Circuit Court

QUINCY BUILDING MATERIALS, ) of Adams County.

) 

                           )

Appellant, ) No. 00--MR--43

                                )

v. )

)

THE INDUSTRIAL COMMISSION )

et al. 
) Honorable

) David K. Slocum,

(Russell D. May,                ) Judge, Presiding.  

 Appellee)
                      )

JUSTICE O’MALLEY delivered the opinion of the court:

Plaintiff, Michael Haubrich, appeals from the order of the circuit court affirming the order of the Industrial Commission (Commission).  We reverse.

Claimant, Russell D. May, filed two applications for adjustment of claim following an incident in which he was electrocuted while at work.  On August 27, 1991, May filed a claim against JMH Properties, Inc., d/b/a Quincy Building Materials (JMH), and on September 23, 1991, he filed a claim against Haubrich, the principal stockholder of JMH.  Following a hearing, an arbitrator denied the claim against Haubrich and found JMH solely liable for claimant’s injury.  On December 4, 1991, claimant was awarded 18 weeks of temporary total disability totaling $4320 and medical expenses of $102,700.86.

On June 8, 1992, May filed a two count complaint in the circuit court.  Count I alleged that JMH had failed to pay according to the arbitrators decision and sought a judgment against JMH for $102,700.86 plus additional medical bills. Count II was brought against Haubrich and his wife, Collette, and sought to pierce the corporate veil of JMH and enter judgment against the Haubrichs, individually, for the $102,700.86.  The Haubrichs moved for dismissal of Count II, arguing that claimant was attempting to circumvent the exclusive remedy provided by 
the Workers’ Compensation Act (820 ILCS 305/1 et seq. (West 2000)) (Act) and that the arbitrator’s decision was 
res judicata
 as to the issue of personal liability.  On January 4, 1993, the trial court entered judgment against JMH on Count I but granted the Haubrich’s motion to dismiss Count II with prejudice.  May appealed the dismissal of Count II, but the appellate court, on May’s motion, dismissed the appeal on April 15, 1993
.

May returned to the Commission and filed a new complaint under the case number in which he had received his award, asking the Commission to pierce JMH’s corporate veil and enter judgment against the Haubrichs.  An arbitrator granted JMH’s motion to dismiss, but, on review, the Commission vacated the decision and remanded the cause for further hearing.  A different arbitrator conducted a hearing and found the Haubrichs personally liable for the judgment against JMH.  The Commission affirmed and adopted the arbitrator’s decision, and the trial court affirmed the Commission’s order.  This appeal followed.  

JMH contends that the arbitrator lacked jurisdiction to consider the issue of piercing the corporate veil.  We agree.

The Industrial Commission, as an administrative agency, has no general or common law powers.  
Daniels v. Industrial Comm’n
, No. 90318, slip op. at 4 (March 21, 2002), 
pet. for rehearing pending
.  The only powers it possesses are those granted to it by the legislature, and any action it takes must be specifically authorized by the legislature.  
Daniels
, slip op. at 4.  To the extent that an agency acts outside its statutory authority, it is without jurisdiction.  
Siddens v. Industrial Comm’n
, 304 Ill. App. 3d 506, 510 (1999).  Piercing the corporate veil is an equitable remedy.  
Fiumetto v. Garrett Enterprises
, Inc., 321 Ill. App. 3d 946, 958 (2001).

We conclude that the Commission acted outside its statutory authority when it pierced JMH’s corporate veil and imposed liability on the Haubrichs.  The Act specifically provides for the award of additional compensation and attorney fees when an employer delays or fails to make payments pursuant to an award.  See 820 ILCS 305/16, 19(k), 19(l) (West 2000).  However, the Act does not grant the Commission the power to grant equitable relief, such as the piercing of the corporate veil when an employer does not pay an award, nor does the Act provide for individual liability against a corporation’s officers and directors (see 
Webb v. Webb
, 180 Ill. App. 3d 619, 622-23 (1989)) or its shareholders (see 
Jacobson v. Buffalo Rock Shooters Supply
, 278 Ill. App. 3d 1084, 1090 (1996)).  Any alteration in the Act so as to allow the piercing of the corporate veil and reaching officers, directors, and shareholders must come from the legislature and not the courts.  
Jacobson
, 278 Ill. App. 3d at 1090.

Claimant brought two claims before the Commission and received from an arbitrator an award against JMH, not against the Haubrichs.  Claimant did not appeal this decision.  Claimant sought, and received, a judgment against JMH for the award in the trial court.  He dropped his appeal of the trial court’s dismissal of his attempt to obtain a judgment against the Haubrichs.  When claimant sought to pierce the corporate veil to enforce that judgment, his action was an attempt to enforce the judgment of the trial court, not the award of the Commission.  The proper forum for such a case was the trial court, not the Commission.  While our research disclosed no case in which the Commission pierced the corporate veil, we found numerous cases in which
 attempts to pierce the corporate veil were brought in the circuit court even though they sought enforcement of workers’ compensation awards.  See, 
e.g.
, 
Jacobson
, 278 Ill. App. 3d at 1087; 
Webb
, 180 Ill. App. 3d at 620. 

We note that the result we reach in this case is harsh, especially in light of the humane and remedial purposes of the Act; claimant is essentially denied the ability to recover his award.  The harshness of the result, however, is due solely to the conduct of claimant through his attorney.  Had claimant maintained his appeal before this court, or had claimant appealed the Commission’s initial award, then the result reached here may not have come to pass.  Claimant, however, inexplicably abandoned those options.  We say inexplicably because claimant's counsel was unable, at oral argument or in his brief, to justify this conduct.

In summary, claimant neglected to pursue the specific remedies the Act provides for non-payment or tardy payment of awards.  It does not give the Commission the authority to enforce a circuit court’s judgment by piercing the corporate veil.  Therefore, the Commission lacked jurisdiction to grant that remedy, and we must reverse the order of the Commission.

Reversed.

McCULLOUGH, P.J., and 
HOFFMAN, HOLDRIDGE and RARICK, JJ., concur.