MAGLAUGHLIN v LIBERTY MUTUAL INSURANCE COMPANY

Docket No. 77-2439. Submitted December 7, 1977, at Grand Rapids.—
Decided April 18, 1978. Leave to appeal applied for.

Plaintiff Beverly Maglaughlin petitioned for workmen's compen-
sation benefits and received a favorable decision from an ad-
ministrative law judge. The defendant Liberty Mutual Insur-
ance Company, her employer's compensation carrier, refused to
pay any benefits pending an appeal to the Workmen's Compen-
sation Appeal Board. Plaintiff filed suit in Kent County Circuit
Court seeking compensatory and exemplary or punitive dam-
ages based on defendant's failure to pay any benefits. The
circuit court, Roman J. Snow, J., granted defendant's motion
for accelerated judgment for lack of subject matter jurisdiction.
Plaintiff appeals. *Held:*

Questions of compensation, compensation procedure, and the
remedy for failure to follow that procedure are statutorily
established and are to be determined by the Workmen's Com-
pensation Bureau rather than the circuit court.

Affirmed.

1. WORKMEN'S COMPENSATION—BENEFITS—ADMINISTRATIVE LAW—AP-
PEALS—DISMISSAL—STATUTES.

A workmen's compensation claimant is entitled to 70% of the
weekly benefits required by the terms of a hearing referee's
award during the pendency of an appeal from such award; a
failure to pay that amount may result in the dismissal of the
appeal (MCLA 418.862; MSA 17.237[862]).

2. WORKMEN'S COMPENSATION—JURISDICTION—WORKMEN'S COMPENSA-
TION BUREAU—CIRCUIT COURTS—ADMINISTRATIVE LAW—STAT-
UTES.

Questions of compensation, compensation procedure, and the
remedy for failure to follow that procedure are statutorily
established and are to be determined by the Workmen's Com-
pensation Bureau, rather than the circuit courts; the resolution

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 81 Am Jur 2d, Workmen's Compensation §§ 26, 79–82.
82 Am Jur 2d, Workmen's Compensation §§ 476–479, 607, 609.

of all disputes relating to workmen's compensation is vested exclusively in the bureau (MCLA 418.841; MSA 17.237[841]).

3. WORKMEN'S COMPENSATION—JURISDICTION—ADMINISTRATIVE LAW—
AWARDS—APPEALS—STATUTES.

The questions of whether a workmen's compensation carrier must pay benefits awarded by an administrative law judge during the pendency of an appeal to the Workmen's Compensation Appeal Board, and the relief available for failure to do so, are questions for the Workmen's Compensation Bureau to decide (MCLA 418.841; MSA 17.237[841]).

*McCroskey, Libner, VanLeuven, Feldman, Kortering, Cochrane & Brock, P. C. (by Seymour L. Muskovitz), for plaintiff.*

*Smith, Haughey, Rice & Roegge (by David O. Haughey and John W. Raven), for defendant.*

Before: DANHOF, C. J., and M. J. KELLY and T. M. BURNS, JJ.

T. M. BURNS, J. The question in this case is whether the circuit court has subject-matter jurisdiction to hear a suit brought by a worker's compensation claimant alleging tortious conduct by her employer's compensation carrier in refusing to pay benefits pending an appeal to the Workmen's Compensation Appeal Board (hereafter the WCAB). The cirucit court held that the question of payment of compensation benefits pending an administrative appeal was within the exclusive jurisdiction of the compensation bureau, MCLA 418.841; MSA 17.237(841), and granted defendant's motion for accelerated judgment, GCR 1963, 116.1(2).

I

Plaintiff petitioned for benefits under the Work-

er's Disability Compensation Act, MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.,* and received a favorable decision from the administrative law judge on March 30, 1976. Defendant timely filed an appeal from that decision and did not pay any of the benefits awarded by the administrative law judge. The decision of the WCAB is still pending.

This suit was filed on September 27, 1976. In her one-count complaint, plaintiff sought recovery of $750,000 for compensatory and exemplary or punitive damages based on the carrier's failure to pay any benefits pending the appeal before the WCAB. The basis of recovery was variously described as intentional or negligent infliction of mental distress, "bad faith", and "economic oppression", but it is clear, as plaintiff states in her brief in this Court, that the basis of the circuit court action is the failure of defendant to pay compensation benefits pending the compensation appeal.

Shortly after this action was begun, the WCAB ordered defendant to pay 70% of the weekly benefits pending the WCAB decision or face dismissal of that appeal under 1975 PA 34; MCLA 418.862; MSA 17.237(862). The WCAB's action was based on the Supreme Court's order in *Michigan Self-Insurers' Association v Workmen's Compensation Bureau,* 397 Mich 859; 245 NW2d 334 (1976), which required that 1975 PA 34 be enforced pending a decision in that case.

II

MCLA 418.841; MSA 17.237(841) provides in part:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau."

Under this provision "resolution of all disputes relating to workmen's compensation is vested exclusively in the Workmen's Compensation Bureau". *St. Paul Fire & Marine Insurance Co v Littky*, 60 Mich App 375, 378; 230 NW2d 440 (1975). Whether payment of benefits are to be made by the carrier during the pendency of an appeal from an administrative law judge's decision, and the relief available for failure to do so, are questions for the bureau within this provision.

This does not deprive plaintiff of a remedy for the type of conduct attributed to defendant here. Under MCLA 418.862; MSA 17.237(862) plaintiff is entitled to 70% of her weekly benefits pending the administrative appeal, and a failure to pay that amount may result in the dismissal of the appeal. This statute was recently determined to be constitutional when applied in this manner. *McAvoy v H B Sherman Co*, 401 Mich 419; 258 NW2d 414 (1977). Rather than begin this suit in circuit court or ask the bureau for damages for failure to pay benefits pending the administrative appeal, plaintiff should have sought 70% of her benefits or dismissal of the appeal from the WCAB.

### III

To avoid confusion, it may be wise to make clear what this case does not involve. This case does not involve the exclusive remedy provisions of the act. MCLA 418.131; MSA 17.237(131). It does not determine what type of conduct gives rise to a circuit court action against an employer or the employer's carrier or the extent of the carrier's immunity through the employer. See, *e.g., Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977).

This case simply reaffirms the proposition that

questions of compensation, compensation proce-
dure, and the remedy for failure to follow that
procedure are statutorily established and are to be
determined by the bureau, rather than the circuit
court. *Szydlowski v General Motors Corp,* 397
Mich 356; 245 NW2d 26 (1976).

Affirmed. No costs.