HOLCOMB v FORD MOTOR COMPANY

Docket No. 49115. Submitted March 9, 1981, at Detroit.—Decided July 27, 1981.

Danny Holcomb sought and was awarded benefits under the Worker's Disability Compensation Act. His employer, Ford Motor Company, appealed the award to the Workers' Compensation Appeal Board and concurrently commenced paying Holcomb seventy percent of the benefits awarded during the pendency of the appeal in the Court of Appeals. While Ford's application for leave to appeal was pending, Holcomb filed a petition for entry of judgment in Wayne Circuit Court, which petition was granted, Theodore R. Bohn, J. The Court of Appeals subsequently denied Ford leave to appeal, and Ford thereupon sought leave to appeal in the Supreme Court, which leave ultimately was denied, 409 Mich 940 (1980). Ford appeals the circuit court judgment. *Held:*

The trial court erred in granting Holcomb's petition for entry of judgment. Circuit court enforcement of an award of workers' compensation benefits is available where an award has not been satisfied, but not where seventy percent of an award is being paid pending appeal of the award.

Reversed.

1. WORKERS' COMPENSATION — APPEAL — STATUTES.

A person who has been awarded workers' compensation benefits is entitled to receive seventy percent of the weekly benefits pending appeal by his employer; benefits accruing prior to the award are withheld until final determination of the appeal, and where the award is affirmed the carrier is required to pay all compensation which has become due under the provisions of the award (MCL 418.862; MSA 17.237[862]).

2. WORKERS' COMPENSATION — JUDICIAL ENFORCEMENT OF AWARDS — STATUTES.

A person who has been awarded workers' compensation benefits

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 338, 613.
[3] 82 Am Jur 2d, Workmen's Compensation § 613.

and whose final compensation award has not been satisfied may seek enforcement of the award in a circuit court, but such enforcement is not available where the person is receiving seventy percent of the weekly benefits pending appeal of the award by his employer (MCL 418.863; MSA 17.237[863]).

3. WORKERS' COMPENSATION — APPEAL — CIRCUIT COURTS.

The Worker's Disability Compensation Act provides for an orderly appellate process from a referee to the Workers' Compensation Appeal Board and subsequently to the Court of Appeals and the Supreme Court, without interference by circuit courts.

*Sam W. Thomas, P.C.* (by *E. R. Whinham,* of counsel), for plaintiff.

*Russell L. Jarrett* and *Hayim I. Gross,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

V. J. BRENNAN, P.J. Defendant appeals from a circuit court order granting plaintiff's petition for entry of judgment for workers' disability compensation benefits pursuant to MCL 418.863; MSA 17.237(863).

Essential to our resolution of the issue is an understanding of the factual and procedural background by which this case comes before this Court.

On November 17, 1976, plaintiff was awarded workers' compensation benefits by a referee of the Bureau of Workers' Disability Compensation. Thereafter, defendant appealed the referee's decision to the Workers' Compensation Appeal Board. Concurrently, pursuant to MCL 418.862; MSA 17.237(862), defendant commenced paying 70% of the benefits ordered by the referee during the pendency of the appeal process.

On September 28, 1979, the appeal board affirmed the referee's award of benefits. Defendant

subsequently filed an application for leave to appeal with this Court, contending that plaintiff was not entitled to receive benefits since he had voluntarily left the State of Michigan and concurrently discontinued his favored work with defendant. Defendant's application for leave to appeal was denied by this Court on July 1, 1980. Defendant then filed a delayed application for leave to appeal with the Michigan Supreme Court.

On November 13, 1979, while defendant's application for leave to appeal was pending in this Court, plaintiff filed a petition for entry of judgment pursuant to MCL 418.863; MSA 17.237(863) in Wayne County Circuit Court.

On November 30, 1979, the circuit judge granted plaintiff's petition for entry of judgment. It is from this entry of judgment that defendant now appeals. The judgment awarded plaintiff full weekly benefits (plus 5% interest) from the date on which compensation was ordered to be paid until the date of the referee's decision and 30% of weekly benefits (plus 5% interest) from the date of the referee's decision until the date of the judgment for a total of $22,021.64. Of this amount, $17,965.08 was for weekly compensation benefits and interest due prior to the referee's decision of November 17, 1976.

The only issue presently before this Court is the question of the propriety of the circuit court's entry of judgment pursuant to MCL 418.863; MSA 17.237(863) while the defendant's application for leave to appeal the award on substantive grounds was pending before an appellate court. This issue appears to be one of first impression in Michigan. It concerns the appropriate application of §§ 862 and 863 of the Workers' Disability Compensation Act. Section 862 states in pertinent part:

"SEC. 862. A claim for review filed pursuant to sections 859 or 861 shall not operate as a stay of payment. to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award. Benefits accruing prior to the referee's award shall be withheld until final determination of the appeal. * * * If the award is affirmed by a final determination, the carrier shall pay all compensation which has become due under the provisions of the award, less any compensation already paid."

Defendant has fully complied with § 862 by paying plaintiff 70% of the benefits ordered by the referee as of the date of the referee's award. However, plaintiff claims that the other 30%, plus the amount of benefits accruing prior to the date of the referee's award, may be obtained by entry of judgment pursuant to § 863, as was done by the circuit court in this case. Section 863 provides:

"SEC. 863. Any party may present a certified copy of an order of a hearing referee, the director or the board in any compensation proceeding to the circuit court of the circuit in which the injury occurred, or to the circuit court of the county of Ingham if the injury was sustained outside this state. The court, after 7 days' notice to the opposite party or parties, shall render judgment in accordance therewith unless proof of payment is made. The judgment shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect."

Defendant contends that § 863 is inapplicable to the case at bar and that the circuit court's entry of judgment pursuant to § 863 was therefore improper. We agree. Defendant's position is supported by the language of the act as well as by

cases which have interpreted and applied these sections.

Section 862 provides that an appeal by the employer or compensation carrier shall not prevent the claimant from receiving 70% of the weekly benefits required by the referee's award and that "[b]enefits accruing prior to the referee's award shall be withheld until final determination of the appeal". It is only "[i]f the award is affirmed by a final determination", that the carrier is required to pay "all compensation which has become due under the provisions of the award * * *". It therefore appears that § 862 provides that a compensation carrier who is in the process of appealing an award is only required to pay 70% of the benefits accruing after the date of the referee's award.

This interpretation of § 862 is supported by the principal Michigan case dealing with this provision, *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977). In that case, the Michigan Supreme Court held that § 862 did not deny employers and carriers procedural due process because "[t]he worker/claimant does not receive the entire award; only that percentage of the award which statistically reflects the ratio of ultimate affirmances". *Id.,* 439. It is for this reason, the Court noted, that § 862 ultimately encourages all parties to expedite appeals.

"Employers and carriers certainly will seek prompt appellate relief in cases where they believe unjustified benefits are awarded. Claimants will also seek prompt appellate finalization in most cases because they will wish to obtain the 30% benefits held pending final disposition. In the meantime, the 70% benefits initially awarded will sustain the claimants during this sometimes lengthy process and remove any unfair bargain-

ing leverage employers or carriers exercise during the interim." *Id.,* 445.

If a plaintiff were allowed to circumvent § 862 by obtaining a judgment for 100% of the referee's award, as plaintiff did in this case, the protection of the employer's due process rights as well as the incentives to expedite appeals would be eliminated. In effect, § 862 would be rendered meaningless since it could be circumvented completely by the claimant.

Plaintiff argues, however, that § 863 should allow for the entry of judgment on the whole compensation award in a situation where the employer's appeal is wholly specious and without merit. In so arguing, plaintiff would have this Court consider the merits of defendant's appeal of the referee's award. However, it is clear that the substantive nature of the award is a matter to be considered through the proper appellate process rather than in the context of an entry of judgment on the compensation award. The Worker's Disability Compensation Act provides for an orderly appellate process from the referee to the appeal board and subsequently to the Court of Appeals and the Supreme Court, without interference by the circuit court. Plaintiff's interpretation, by contrast, would involve the circuit courts in the determination of the merits of an employer's appeal and would allow circuit courts to circumvent totally the 70% rule established in § 862, neither of which would be in accord with the apparent legislative intent of the act.

This Court has emphasized that resolution of all disputes relating to workers' compensation is vested exclusively in the Bureau of Workers' Disability Compensation and that remedies for failure to follow statutorily established procedures are to

be determined by the bureau, rather than the circuit court. *Maglaughlin v Liberty Mutual,* 82 Mich App 708, 711; 267 NW2d 160 (1978), *lv den* 403 Mich 851 (1978), *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975). For example, if a defendant employer fails to pay 70% of the plaintiff's benefits pending an administrative appeal, it may result in the dismissal of the appeal by the Workers' Compensation Appeal Board; but, a plaintiff should not begin suit in circuit court for failure to pay benefits. *Maglaughlin, supra,* 711. In light of the exclusivity of the bureau's control over remedies and appeals dealing with compensation awards, it is clear that plaintiff's interpretation would constitute an unintended deviation from the statutorily established procedure. Rather than to involve the circuit court in determining the merits of an appeal and entering judgment for the entire compensation award where an appeal is considered frivolous, the Supreme Court has emphasized that the act provides for a check against specious appeals in § 862. The 70% "no-stay" provision itself has as one of its ancillary goals, "to discourage marginal or frivolous appeals". *McAvoy, supra,* 443.

The proper application of § 863 allows for the protection of a claimant whose final compensation award has not been satisfied by a defendant. Section 863 was meant "to protect the interests of persons with workmen's compensation awards by providing for prompt enforcement through the judicial machinery of the circuit courts * * *". *Wyrybkowski v Cobra Pre-Hung Doors, Inc,* 66 Mich App 555, 558; 239 NW2d 660 (1976). It therefore provides a remedy in situations where awards are not involved in the appellate process and subject to the 70% payment provision of § 862. For

examples of cases applying § 863, see, *Simm v City of Dearborn,* 54 Mich App 263; 220 NW2d 768 (1974), *lv den* 392 Mich 818 (1974), *Guerrero v Brighton Athletic Ass'n,* 81 Mich App 58; 264 NW2d 119 (1978), *LeBlond v All Right Auto Parts, Inc,* 81 Mich App 509; 265 NW2d 394 (1978).

Therefore, we conclude that the trial court erred in granting plaintiff's petition for entry of judgment pursuant to MCL 418.863; MSA 17.237(863).

Reversed.