COLLINS v WATERFORD TOWNSHIP SCHOOL DISTRICT

Docket No. 58739. Submitted June 17, 1982, at Detroit.—Decided August 24, 1982. Leave to appeal applied for.

A workers' compensation hearing referee awarded to Gary Collins, in addition to other benefits, nursing benefits to compensate his wife, Karen Collins, for providing nursing services to him that were over and above the usual services performed by a wife for her husband. During the pendency of an appeal from that decision, Mr. Collins died and Karen Collins, as his personal representative, continued the matter. The Workers' Compensation Appeal Board ruled that plaintiff was not entitled to nursing benefits because Gary Collins had failed to notify the employer of any intention to claim nursing or attendance services. Plaintiff appeals. *Held:*

The majority of the WCAB imposed an incorrect standard in construing the statute involved. It is unclear whether the board reviewed the finding of the hearing referee as to the level of payment and the needs for the services supplied or simply rejected the plaintiff's claim on the notice issue. The case is remanded to the WCAB for its consideration of the award, using the proper application of the statute relative to notice.

Reversed and remanded.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals must accept findings made by the Workers' Compensation Appeal Board if the proper legal standard has been applied, if there is competent evidence to support the findings, and if there is an absence of fraud; however, the Court of Appeals may remand a workers' compensation case to the appeal board for application of the proper legal standard where the board has made a mistake in construing the law (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 634.
[2] 82 Am Jur 2d, Workmen's Compensation § 394.
[3] 73 Am Jur 2d, Statutes § 194.

2. WORKERS' COMPENSATION — MEDICAL SERVICES — HUSBAND AND WIFE.

The provision of the Worker's Disability Compensation Act which provides that an employer bears the cost of medical services, other attendance, and treatment for an injured employee focuses on the nature of the service provided, not on the status or devotion of the provider of the service, and if services within the statutory intendment are provided by a spouse, the employer is obligated to pay for them; ordinary household tasks are not within the statutory intendment but serving meals in bed and bathing, dressing, and escorting a disabled person are not ordinary household tasks (MCL 418.315; MSA 17.237[315]).

3. STATUTES — APPLICATION OF STATUTES.

A plain and unambiguous statute is to be applied and not interpreted since the statute speaks for itself.

*Connelly, Jacques, Reilly & Ziem,* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for defendants.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

V. R. PAYANT, J. Plaintiff appeals by leave from a decision of the Workers' Compensation Appeal Board (WCAB) which denied plaintiff payment for nursing benefits for her husband.

The issue is whether the WCAB erred in its application of § 315 of the Worker's Disability Compensation Act, MCL 418.315; MSA 17.237(315), by requiring notice of intent to claim nursing or attendance services.

The facts giving rise to this appeal are not in substantial dispute.

Plaintiff's decedent, Gary Collins, had been receiving workers' compensation benefits based on a May 5, 1970, injury. Petitions and amended petitions were filed seeking determinations of rights

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and alleging permanent and total disability. On June 6, 1978, Mr. Collins filed a second amended petition alleging injury dates of August 14, 1967, May 5, 1970, and January 15, 1972. The petition alleged permanent and total disability and claimed, among other benefits, nursing care benefits from January 15, 1972. Specifically, Mr. Collins claimed that his wife, Karen Collins, had provided nursing services for him that would be over and above the usual services performed by a wife for her husband.

At his hearing before the referee, Mr. Collins testified concerning the services provided to him by his wife. These services included bathing, assisting him with personal hygiene involving toilet functions, helping him to dress and waiting on him for all his needs when he was confined to bed or a couch for days at a time. Karen Collins also testified that she had performed such services since 1972.

Referee LaPorte made findings in which he awarded to Mr. Collins, in addition to other benefits, nursing benefits from January 15, 1972, to the date of the hearing and continuing. The rate of reimbursement was computed as eight hours per day, seven days per week based on the applicable nurses aide wage rates at Pontiac General Hospital during the periods in question.

On January 28, 1979, during the pendency of defendants' appeal to the WCAB, Gary Collins died. This matter was continued by his personal representative, Karen Collins.

A majority of the WCAB ruled that plaintiff was not entitled to nursing benefits. In its opinion, the majority of the board concluded:

"Entitlement to nursing benefits was not proven. No

evidence was presented that notification of such intention to provide nursing services was given to defendant, mandated by § 315 of the act. Failure to comply in the absence of any emergency, not shown here, precludes entitlement to payments under that section. See *Forward v Stahl's Mfg Co,* 1977 WCABO 3441; *Brieger v Walker Mfg Co,* 1980 WCABO 429, 432."

It is from this decision, disallowing the claim for nursing care, that plaintiff appeals.

In reviewing a Workers' Compensation Appeal Board decision, this Court must affirm if the proper legal standard has been applied, there is competent evidence to support the board's findings, and there is an absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Hudson v Jackson Plating Co,* 105 Mich App 572, 577; 307 NW2d 96 (1981). Where the WCAB makes a mistake in construing the law, however, the Court may remand the case for application of the proper legal standard. *Riddle v Broad Crane Engineering Co,* 53 Mich App 257; 218 NW2d 845 (1974).

The decision of the WCAB to deny plaintiff's decedent nursing benefits was based on MCL 418.315; MSA 17.237(315), which provides, in pertinent part:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. After ten days from the inception of medical care as herein provided, the employee may treat with a physician of his or her own choice by giving to the employer the name of the physician and his or her intention to treat with the physician. The employer or the employer's carrier may file a petition objecting to the named

physician selected by the employee and setting forth reasons for the objection. * * *"

The first sentence of § 315 requires an employer to furnish to his injured employee reasonable medical services, other attendance, or treatment when needed. Such services may include, when necessary, nursing and attendance services.

A wife who performs necessary services beyond "ordinary wifely duties" for her injured husband is entitled to be paid for such services. *Kushay v Sexton Dairy Co,* 394 Mich 69, 74; 228 NW2d 205 (1975). Services performed by Mrs. Kushay for her husband included serving him meals in bed, bathing and dressing him, assisting him in the bathroom, and escorting him to appointments—all services which appear remarkably similar to those which Mrs. Collins performed for her husband.

Clearly, the services testified about were beyond ordinary household tasks. While house cleaning, preparation of meals, washing clothes, and similar services required for the maintenance of persons who are not disabled are not part of the employer's obligation, extraordinary services performed by a spouse are compensable.

While not contesting the rule in *Kushay,* defendant's employer and its workers' compensation carrier argue that the WCAB correctly construed the law in requiring a claimant seeking reimbursement for nursing or attendance to present evidence to show that notification of such intention was given to the employer. Put another way, defendants contend that the WCAB correctly construed § 315 as requiring notice as a condition for recovery.

Defendants raise two basic arguments. They claim that the notice requirement of § 315 should

be read to include a necessity of notice of an employee's intention to claim nursing or attendance services. Secondly, defendants claim that such a requirement is mandated by good public policy.

*STATUTORY INTERPRETATION:*

To support their first argument, defendants invite us to examine the first few sentences of § 315. Defendants point out that the first sentence deals with the employer's obligation to provide medical and attendance services. While the second and third sentences specifically refer to the requirement that an employee who chooses to treat with a physician of his own choice must give notice to his employer, defendants maintain that these sentences are *in pari materia* and must be construed together.

Defendants assert that the clause in the second sentence, "medical care as herein provided" incorporates all the terms in the first sentence and the sentences complement one another. Defendants conclude that the notice of choice of physician should be considered as referring to all services required to be furnished in the first sentence.

Such an argument fails for two reasons. First, the services to be provided by an employer are set forth in the disjunctive. In addition to those services ordinarily considered "medical", § 315 requires the furnishing of "other attendance". It also requires furnishing "other treatment recognized by the laws of this state as legal". All of these disjunctive types of care are modified by the phrase "when they are needed".

Clothing and bathing an invalid, helping with his personal hygiene, cutting his toenails, bringing him food, and assisting him to eat it are "medical" in only the remote sense that we are dealing with

someone who is not healthy. Such services are more accurately categorized as "other attendance" required by an injured employee. Such "attendance" is a separate category of services from those referred to as "medical care".

Secondly, the term "physician", as used in § 315 must be read as having a meaning understood in common parlance. To suggest that everyone who provides services to an injured employee becomes a "physician" does violence to our language. "Physician" has been defined by the Legislature in the public health statutes as "an individual licensed under this article to engage in the practice of medicine", MCL 333.17001; MSA 14.15(17001). While the term as used in the Worker's Disability Compensation Act might arguably have some broader meaning, it stretches credulity to believe that the Legislature intended it to mean people like cab drivers who might transport an invalid to an appointment or like a wife who serves her invalid husband his meals.

A plain and unambiguous statute is to be applied and not interpreted since the statute speaks for itself. *Eagle Trucking Co v Michigan Dep't of Treasury,* 115 Mich App 667; 321 NW2d 765 (1982).

Since the Legislature plainly stated only that an employee is required to give notice of his intention to procure the services of his own physician, the statute cannot be extended beyond its terms to deny nursing benefits for failure to give notice of an intention to claim nursing services. To adopt the appeal board's view, we would be required to ignore the common and legislative definitions of the term "physician".

*PUBLIC POLICY:*

Defendants advance certain policy reasons why

it would be desirable to require prior notice to employers of an intention to procure nursing or attendance services. For example, defendants suggest that an employer, interested in the speedy rehabilitation of an injured employee, might contest the type of care being given by a wife or someone else as being counter-productive to the employee's recovery. Without knowledge of such services being performed, defendants claim that employers' good faith efforts might be undermined.

Policy questions might also arise as to the problems of proofs when stale claims are made for nursing or attendance care months and even years after the fact. Concern might also be expressed at the spectre of hundreds of incipient claims facing employers or insurance companies for services rendered in the past.

These concerns may be valid ones, but must be addressed to the Legislature, rather than this Court. As with all statutory enactments, the wisdom of workers' compensation legislation in the form it is enacted is a matter of legislative responsibility with which the courts should not interfere. *Michigan & Vicinity Conference Board, International Molders & Foundry Workers Union of North American, AFL v Enterprise Foundry Co,* 321 Mich 265; 32 NW2d 515 (1948).

As stated by Justice BUTZEL in *Roosevelt Oil Co v Secretary of State,* 339 Mich 679, 694; 64 NW2d 582 (1954), "[i]t is the function of the court to fairly interpret a statute as it then exists; it is not the function of the court to legislate".

If the Legislature chooses to require injured employees to notify employers of a decision to claim expenses for nursing care and attendance services and requires that the names of those providing such services be supplied, the Legislature can so provide.

*CONCLUSION:*

The majority of the Workers' Compensation Appeal Board imposed an incorrect standard in construing the law. It is unclear whether the board reviewed the findings of the hearing referee as to the level of payment and the needs for the services supplied or simply rejected the plaintiff's claim on the notice issue.

For that reason, we would remand the case to the WCAB for its consideration of the award, using the proper application of § 315 relative to notice.

Reversed and remanded.