COLLINS v WATERFORD SCHOOL DISTRICT

Docket No. 81886. Submitted December 5, 1985, at Lansing.—Decided
    February 4, 1986.

> A workers' compensation hearing referee awarded to Gary Col-
> lins, in addition to other benefits, nursing benefits to compen-
> sate his wife, Karen Collins, for providing nursing services to
> him that were over and above the usual services performed by
> a wife for her husband. During the pendency of an appeal from
> that decision, Mr. Collins died and Karen Collins, as his per-
> sonal representative, continued to pursue the claim. The Work-
> ers' Compensation Appeal Board ruled that Karen Collins was
> not entitled to nursing benefits because Gary Collins had failed
> to notify the employer, the Waterford School District, of any
> intention to claim nursing or attendance services. Collins ap-
> pealed by leave granted to the Court of Appeals, which re-
> versed the decision of the WCAB and remanded the matter to
> the WCAB for consideration of the need for and value of the
> nursing services, 118 Mich App 798 (1982). The WCAB then
> found that the nursing services were necessary and directed the
> parties to attempt to agree on an appropriate rate of payment.
> If the parties were unable to agree on an appropriate rate of
> payment, the WCAB would determine the rate. Collins subse-
> quently filed a motion to compel payment, which was heard by
> a hearing referee. The referee entered a decision ordering the
> Waterford School District to pay Collins for the nursing care.
> The school district appealed to the WCAB, claiming that Col-
> lins' motion to compel payment was not made in compliance
> with the applicable statute and administrative rule. Collins,
> while the school district's appeal was still pending before the
> WCAB, sought enforcement of the award in Oakland Circuit
> Court. The court, Hilda R. Gage, J., concluded that the award
> was appropriate and authorized entry of judgment notwith-
> standing the school district's appeal to the WCAB. The school
> district appealed. *Held:*
>
>     An appeal to the WCAB of a hearing referee's award for

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 179, 572 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Workers'
    Compensation.

nursing services bars entry of a judgment on that award by a circuit court. Nursing care benefits are similar to benefits accruing prior to the referee's award, benefits which cannot be enforced in circuit court pending an appeal. The circuit court's entry of judgment was premature.

Reversed.

WORKERS' COMPENSATION — APPEAL — JUDGMENT — DEFENSES.

An appeal to the Workers' Compensation Appeal Board of a hearing referee's award for nursing services bars entry of a judgment on that award by a circuit court (MCL 418.863; MSA 17.237[863]).

*Wilfred F. Curley,* for defendant.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. Defendant appeals as of right from a judgment awarding plaintiff $112,847.17, plus 12% interest and costs. The circuit court stayed execution of the judgment pending this appeal. Defendant raises two issues, the first of which has merit and is dispositive of this appeal.

Defendant argues that the judgment, granted on an award by a workers' compensation hearing referee pursuant to MCL 418.863; MSA 17.237(863), was improper because an appeal from the award was pending before the Workers' Compensation Appeal Board. The statute, § 863 of the Worker's Disability Compensation Act, provides:

"Any party may present a certified copy of an order of a hearing referee, the director or the board in any compensation proceeding to the circuit court of the circuit in which the injury occurred, or to the circuit court of the county of Ingham if the injury was sustained outside this state. The court, after 7 days' notice to the opposite party or parties, shall render judgment in accordance therewith unless proof of payment is made. The judgment shall have the same effect as though rendered in an action tried and determined in

the court and shall be entered and docketed with like effect."

Before addressing the applicability of this statute, we will briefly note the underlying facts in this case.

Plaintiff's husband, now deceased, was injured in 1972. From the time of his injury, plaintiff provided him with nursing services, compensation for which is the subject of the present proceedings. The early proceedings are fully set forth in this Court's opinion on a prior appeal of this matter, reported at 118 Mich App 798; 325 NW2d 585 (1982), lv den 417 Mich 998 (1983). This Court reversed the decision of the WCAB and remanded the case for consideration of the need for and value of the nursing services.

By decision and order mailed August 18, 1983, the WCAB found that the nursing services were necessary and directed the parties to attempt to agree on an appropriate rate of payment, with the board determining the rate (following notice and a hearing) if the parties failed to agree. On October 12, 1983, plaintiff filed a motion to compel payment and this motion was noticed and heard by a hearing referee. Defendant claimed that plaintiff's motion was not in compliance with MCL 418.847; MSA 17.237(847) and administrative rule 408.34, and defendant took an appeal from the referee's award on that basis. Pending disposition of the appeal by the WCAB, plaintiff sought enforcement of the award in circuit court pursuant to § 863 of the WDCA.

The circuit court concluded that the statute was applicable and authorized entry of judgment notwithstanding the appeal to the WCAB:

"It should be noted initially that no court rule or

Workers' Compensation Appeal Board regulation provides for an automatic stay of benefits pending appeal. The stay is by custom only and is subject to change by the Legislature. *McAvoy v H B Sherman Co,* 401 Mich 419, 438-39 & n. 3 [258 NW2d 414] (1977).

"MCLA 418.863 provides for entry of judgment if payment is not made. The provision leaves the trial court with no discretion absent proof of payment. *Simm v Dearborn,* 54 [Mich App] 263, 265 [220 NW2d 768] (1974). There is no reference to non-entry of judgment due to an appeal having been taken. Had the Legislature intended to bar entry of judgment for this reason, it would have so stated. The penalty provision for nonpayment of benefits, medical bills or travel allowance, for example, provides that the penalty applies if the amount due is not paid and there is no ongoing dispute. MCLA 418.801(2).

"MCLA 418.863 has been found not to apply where awards are involved in the appellate process *and* subject to the 70% payment provision of MCLA 418.862. *Holcomb v Ford Motor Co,* 108 [Mich App] 61 [ 310 NW2d 275] (1981). That is not the case here, as the 70% payment provision does not apply to an award for nursing services. An appeal alone does not bar application of MCLA 418.863.

"According to MCLA 418.863, the judgment rendered 'shall have the same effect as though rendered in an action tried and determined in the court * * *.' GCR 528, a rule providing for relief from a judgment or order, takes into account that relief may be granted where 'a prior judgment upon which [the judgment] is based has been reversed or otherwise vacated.' GCR 528.3(5). Thus, the fact that the appeals process has been invoked does not bar entry of judgment.

"Application of MCLA 418.863 does not involve this Court in the appellate process set forth in the Workers' Compensation Disability Act, MCLA 418.101 *et seq.,* as Defendant's appeal will continue on its proper course regardless of entry of judgment. The merits of the award are not at issue here. The only issue is whether payment has been made.

"This Court concludes that despite Defendant's appeal of the order, entry of judgment by this Court is

proper in the instant case under MCLA 418.863 since there is no evidence that payment has been made to Plaintiff.

"Plaintiff is entitled to receive prompt justice. The delay in this cause signals a failure of justice and subjects the court system to public criticism and a loss of confidence in its fairness and utility as a public institution. *See* ABA National Conference of State Trial Judges, *Court Delay Reduction Standards* (adopted August, 1984)."

We agree with the circuit court that *Holcomb v Ford Motor Co,* 108 Mich App 61; 310 NW2d 275 (1981), is factually distinguishable from the instant case. Nevertheless, looking to the principles underlying the *Holcomb* decision, we conclude that an appeal alone does bar application of § 863.

We first consider the policy of the workers' compensation statute. Its primary goal is the delivery of sustaining benefits as soon as possible after an injury; its objective is to provide benefits *during* the period of disability so that the worker and his dependents may survive. *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). The instant case does not involve sustaining benefits but reimbursement for nursing care services already provided. In terms of the 70% statute considered in *Holcomb, supra,* the nursing care benefits sought by plaintiff are similar to "benefits accruing prior to the referee's award", which the *Holcomb* Court ruled could not be enforced in circuit court pursuant to § 863 pending an appeal. In light of the stated policy and case law, we disagree with the circuit court's conclusion that had the Legislature intended to bar entry of judgment due to an appeal it would have so stated.

Next we consider that, as stated in *Holcomb, supra,* pp 66-67, this Court has emphasized that

resolution of all disputes relating to workers' compensation is vested exclusively in the Bureau of Workers' Disability Compensation and that remedies for failure to follow statutorily established procedures are to be determined by the bureau, rather than the circuit court. To give due deference to the exclusivity of the bureau's control over remedies and appeals, we conclude that the circuit court is without authority to enter judgment under § 863 during the pendency of an appeal to the WCAB.

We reverse the judgment of the circuit court as its entry was premature. With this disposition, we need not now address defendant's second issue concerning interest on the judgment; there may be no occasion for entry of another judgment depending on the disposition by the WCAB.

Reversed. No costs.