COOK v THE HEARTHSIDE, INC

Docket No. 91904. Submitted May 8, 1987, at Detroit. Decided August 4, 1987. Leave to appeal denied, 429 Mich —.

Barbara M. Cook sustained work-related injuries for which her employer, The Hearthside, Inc., paid workers' compensation benefits. Cook filed a petition in the Bureau of Workers' Disability Compensation, alleging that her employer had not selected the highest thirty-nine weeks of earnings in the fifty-two weeks preceding her injury as required by statute when determining a claimant's average weekly wage for purposes of computing workers' compensation benefits. A hearing referee found in favor of Cook and awarded penalties. Both parties appealed to the Workers' Compensation Appeal Board. While the appeals were pending, Cook filed in Wayne Circuit Court a complaint and motion for entry of a judgment in accordance with the referee's decision. The court, Michael L. Stacey, J., denied the motion and dismissed the complaint. Plaintiff appealed.

The Court of Appeals *held:*

A pending appeal to the WCAB of a hearing referee's award of penalties based on an employer's improper determination of a claimant's average weekly wage when paying workers' compensation benefits bars entry of a judgment on that award by a circuit court.

Affirmed.

WORKERS' COMPENSATION — APPEAL — JUDGMENTS.

A pending appeal to the Workers' Compensation Appeal Board of a hearing referee's award of penalties based on an employer's improper determination of a claimant's average weekly wage when paying workers' compensation benefits bars entry of a judgment on that award by a circuit court (MCL 418.371[2], 418.863; MSA 17.237[371][2], 17.237[863]).

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 572 *et seq.*

Right to appeal from judgment as affected by acceptance of benefit thereunder. 5 L Ed 2d 889.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Barbara F. Grossman*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James A. Sullivan*), for defendants.

Before: BEASLEY, P.J., and HOOD and E. E. BORRADAILE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a decision and order of the Wayne Circuit Court dismissing plaintiff's complaint and motion for entry of judgment.

Plaintiff was injured while in the course of her employment with defendant employer, The Hearthside, Inc. Following her injury, she filed a petition for penalties pursuant to the Workers' Disability Compensation Act, alleging that, in paying workers' compensation, defendant had not selected the highest thirty-nine weeks of earnings of the fifty-two weeks preceding the injury, as required by MCL 418.371(2); MSA 17.237(371)(2). In an opinion and order dated December 30, 1985, a hearing referee awarded penalties to plaintiff. Plaintiff and defendants appealed to the Workers' Compensation Appeal Board. The appeal is pending.

In the meantime, plaintiff filed a complaint and motion for entry of judgment in the trial court pursuant to § 863 of the Workers' Disability Compensation Act, MCL 418.863; MSA 17.237(863), seeking the entry of a judgment in accordance with the decision of the hearing referee. Because the referee's award had been appealed to the WCAB, the trial court denied the motion and dismissed plaintiff's complaint.

On appeal, plaintiff argues that, under § 863,

* Circuit judge, sitting on the Court of Appeals by assignment.

she is entitled to entry of judgment by the circuit court in accordance with the referee's order awarding plaintiff penalties, despite the pending appeal. Plaintiff states that the sole reason she wishes entry of judgment is to start the accumulation of interest. Plaintiff states that she will not execute on the judgment and, if the WCAB reverses, will have the judgment vacated. We affirm.

Section 863 states:

> Any party may present a certified copy of an order of a hearing referee, the director or the board in any compensation proceeding to the circuit court of the circuit in which the injury occurred, or to the circuit court of the county of Ingham if the injury was sustained outside this state. The court, after 7 days' notice to the opposite party or parties, shall render judgment in accordance therewith unless proof of payment is made. The judgment shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect.

In *Simm v City of Dearborn,* 54 Mich App 263, 265; 220 NW2d 768 (1974), lv den 392 Mich 818 (1974), this Court held that § 863 "leaves the trial court with no discretion absent proof of payment."

We have addressed in two recent cases the issue of whether, under § 863, the trial court must enter judgment on a referee's decision while an appeal is pending. In *Holcomb v Ford Motor Co,* 108 Mich App 61; 310 NW2d 275 (1981), the plaintiff was awarded workers' compensation benefits by a referee. The defendant appealed the referee's decision to the WCAB. Pursuant to MCL 418.862; MSA 17.237(862), the defendant commenced paying seventy percent of the benefits during the pendency of the appeal process. MCL 418.862; MSA 17.237(862) states:

A claim for review filed pursuant to section 859 or 861 shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award. Benefits accruing prior to the referee's award shall be withheld until final determination of the appeal. If the weekly benefit is reduced or rescinded by a final determination, the carrier shall be entitled to reimbursement in a sum equal to the compensation paid pending the appeal in excess of the amount finally determined. Reimbursement shall be paid upon audit and proper voucher from the second injury fund established in chapter 5. If the award is affirmed by final determination, the carrier shall pay all compensation which has become due under the provisions of the award, less any compensation already paid.

The WCAB affirmed, and the defendant appealed to this Court and the Supreme Court. While the defendant's application for leave to appeal was pending in this Court, the plaintiff filed in the trial court a petition for entry of judgment pursuant to § 863. The petition was granted, and the judgment awarded plaintiff full weekly benefits from the date on which compensation was ordered to be paid until the date of the referee's decision, and thirty percent of weekly benefits from the date of the referee's decision until the date of the judgment. *Holcomb, supra,* 62-63. Although the defendant complied with § 862 by paying the plaintiff seventy percent of the payment awarded by the referee, the plaintiff attempted to receive one hundred percent by entry of a judgment in accordance with the referee's decision. We held that entry of the judgment improperly circumvented the appeal process for workers' compensation awards set forth

in the Workers' Disability Compensation Act. *Holcomb, supra*, 64-68. We stated:

> If a plaintiff were allowed to circumvent § 862 by obtaining a judgment for 100% of the referee's award, as plaintiff did in this case, the protection of the employer's due process rights as well as the incentives to expedite appeals would be eliminated. In effect, § 862 would be rendered meaningless since it could be circumvented completely by the claimant.
>
> \* \* \*
>
> This Court has emphasized that resolution of all disputes relating to workers' compensation is vested exclusively in the Bureau of Workers' Disability Compensation and that remedies for failure to follow statutorily established procedures are to be determined by the bureau, rather than the circuit court. . . . For example, if a defendant employer fails to pay 70% of the plaintiff's benefits pending an administrative appeal, it may result in the dismissal of the appeal by the Workers' Compensation Appeal Board; but, a plaintiff should not begin suit in circuit court for failure to pay benefits. . . . In light of the exclusivity of the bureau's control over remedies and appeals dealing with compensation awards, it is clear that plaintiff's interpretation would constitute an unintended deviation from the statutorily established procedure. Rather than to involve the circuit court in determining the merits of an appeal and entering judgment for the entire compensation award where an appeal is considered frivolous, the Supreme Court has emphasized that the act provides for a check against specious appeals in § 862. The 70% "no-stay" provision itself has as one of its ancillary goals, "to discourage marginal or frivolous appeals." [*Holcomb, supra*, 66-67. Citations omitted.]

In *Collins v Waterford School Dist*, 149 Mich App 16; 385 NW2d 712 (1986), we were faced with another version of this issue. The plaintiff's hus-

band was injured in 1972. The plaintiff rendered nursing services to her husband and sought reimbursement. The referee awarded reimbursement, but the WCAB reversed on the ground that the plaintiff's husband had not notified the employer that he intended to seek such reimbursement. We reversed and remanded for a determination of the need for and value of the nursing services. *Collins v Waterford Twp School Dist,* 118 Mich App 798; 325 NW2d 585 (1982), lv den 417 Mich 998 (1983). Upon remand, the WCAB found that the nursing services were necessary and directed the parties to attempt to agree on an appropriate rate of payment, with the WCAB determining the rate if the parties failed to agree. The plaintiff subsequently filed a motion to compel payment, which motion was granted by the referee. The defendant appealed to the WCAB, claiming that the plaintiff's motion was not in accordance with MCL 418.847; MSA 17.237(847) and an administrative rule. Pending disposition of the appeal, the plaintiff sought enforcement of the referee's decision pursuant to § 863. *Collins, supra,* 149 Mich App 18-19. The trial court granted the judgment, but we reversed. Although we noted that the facts were distinguishable from *Holcomb* in that the "seventy percent" statute was not involved and that the underlying appeal was not substantive, but, rather, involved a procedural question, we held that an appeal barred application of § 863. 149 Mich App 20. We stated:

> [T]his Court has emphasized that resolution of all disputes relating to workers' compensation is vested exclusively in the Bureau of Workers' Disability Compensation and that remedies for failure to follow statutorily established procedures are to be determined by the bureau, rather than the circuit court. To give due deference to the exclusiv-

ity of the bureau's control over remedies and appeals, we conclude that the circuit court is without authority to enter judgment under § 863 during the pendency of an appeal to the WCAB. [149 Mich App 20-21.]

We feel that *Holcomb* and *Collins* govern the instant case. To enter judgment prior to the decision of the WCAB would undermine the procedure set forth in the act for appeal of workers' compensation decisions. We do not feel that a different result is warranted merely because the award in the instant case was an award of penalties rather than of workers' compensation benefits. Although plaintiff argues that the trial court has no discretion under § 863, in that the statute says that "the court . . . *shall* render judgment" (emphasis added), we have already rejected this contention in *Holcomb* and *Collins.* To hold that § 863 requires that nonfinal orders of a referee must be made into a judgment would encourage havoc in the workers' compensation appellate system. We believe that a sounder practice is to require, before § 863 may be invoked, that the decision on which judgment is sought be a final one.

Affirmed.